SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MICHAEL H. AHRENS, CAL BAR NO. 44766
JEFFREY K. REHFELD, CAL. BAR NO. 188128
STEVEN B. SACKS, CAL. BAR NO. 98875
ORI KATZ, CAL. BAR NO. 209561
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:  (415) 434-9100
Facsimile:   (415) 434-3947
Email:         mahrens@sheppardmullin.com
                   jrehfeld@sheppardmullin.com
                   ssacks@sheppardmullin.com

Attorneys for THE BILLING RESOURCE, dba INTEGRETEL

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVSION

| | |
|---|---|
| In re<br><br>THE BILLING RESOURCE, dba Integretel, a California corporation,<br><br>                Debtor.<br><br>Tax ID: 33-0289863 | CASE NO. 07-52890 ASW<br><br>Chapter 11<br><br>**MOTION FOR ORDER APPROVING INTERIM COMPENSATION AND REIMBURSEMENT PROCEDURES FOR PROFESSIONALS**<br><br>Date:     December 7, 2007<br>Time:    10:30 a.m.<br>Place:    United States Bankruptcy Court<br>               280 South First Street<br>               San Jose, California<br>Judge:   The Hon. Arthur S. Weissbrodt<br>Courtroom: 3020 |

**TO THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY JUDGE; PROPOSED COUNSEL FOR COMMITTEE; THOSE CREDITORS LISTED ON THE LIST OF THE DEBTOR'S THIRTY LARGEST CREDITORS; THE DEBTOR'S SECURED CREDITORS; COUNSEL FOR THE FEDERAL TRADE COMMISSION AND THE RECEIVER; COUNSEL FOR THOSE PARTIES WHO HAVE FILED A REQUEST FOR SPECIAL NOTICE; AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

The Billing Resource, dba Integretel (the "Debtor") seeks an order, pursuant to Section 331 of the Bankruptcy Code (the "Code"), approving specified procedures, set forth in detail below, by which professionals employed and to be employed by order of the Court in these cases ("Professionals") may: (i) receive from the Debtor's estate monthly interim payments for services rendered and expenses incurred, and (ii) file periodic applications for approval of such interim compensation and reimbursement of expenses. The Official Committee of Unsecured Creditors (the "Committee") approves of the requested relief.

## BACKGROUND

The Debtor filed its voluntary bankruptcy petition on September 16, 2007 (the "Petition Date"). The Debtor continues to operate its business pursuant to Bankruptcy Sections 1107 and 1108. On October 1, 2007, the Office of the United States Trustee appointed the Committee.

The Debtor's bankruptcy case has already been the subject of numerous motions and hearings. Aspects of the Debtor's bankruptcy case have been hotly contested by certain parties, including a receiver who prior to the Debtor's petition date had been appointed for two of the Debtor's prior customers (the "Receiver") and the Federal Trade Commission (the "FTC"). The Debtor, on the one hand, and the FTC and the Receiver, on the other hand, are also parties to certain litigation commenced pre-petition in Florida (the "Florida Action"). The Debtor has commenced an adversary proceeding in this Court against the Receiver and the FTC and sought and has obtained certain injunctive relief precluding the continuation of the Florida Action and the enforcement of orders issued therein against the Debtor. The FTC has filed a notice of appeal in connection therewith. In addition, at least one alleged creditor, ThermoCredit, has commenced an adversary proceeding seeking certain relief against the Debtor.

1 The Debtor's bankruptcy case is complex and numerous aspects hard fought. Requiring Court-appointed Professionals to wait an extended period of time is unnecessary and places an undue hardship on the Professionals.  Thus, the Debtor seeks Court approval of interim compensation and reimbursement procedures for Professionals, as set forth herein.

## PROPOSED INTERIM COMPENSATION PROCEDURES

The Debtor requests that the Court establish an interim compensation procedure applicable to the hourly fees and reimbursable expenses of Professionals.  The establishment of such an interim procedure for hourly fees and reimbursable expenses is both necessary and in the best interests of the estate due to the significant proportion of Professionals' time and effort required in this complex case.  The absence of an established procedure for payment of interim compensation and reimbursement of expenses is unfair to the Professionals, as it places undue financial burdens on them.  It may also negatively affect the estate's ability to obtain the services required for this case.

Accordingly, the Debtor believes that it is reasonable and appropriate for the Court to establish the following procedure for payment of interim compensation and reimbursement of expenses of Professionals pending further order of this Court:

1.  At any time after each calendar month, beginning with the month ended November 30, 2007, Professionals may file with the Court an itemized statement requesting interim compensation and reimbursement of expenses (the "Monthly Statements").  To the extent that a Professional chooses to file such a Monthly Statement with the Court, it shall serve a copy of such Monthly Statement by mail on the following entities:  (i) the Debtor; (ii) the Debtor's bankruptcy counsel (i.e., Sheppard, Mullin, Richter and Hampton, Attn:  Michael Ahrens, Esq.); (iii) counsel for the Committee (Pachulski Stang Ziehl & Jones, Attn: John Fiero, Esq.); and (iv) the Office of the U.S. Trustee (Attn: John Wesolowski, Esq.) (such entities collectively, the "Monthly Statements Notice Group").  Service of a Monthly Statement on the Monthly Statements Notice Group must be made generally concurrent with the filing of such statement with the Court.

Each Monthly Statement shall cover the period ending on the last day of the prior month, and shall include all time and expenses not included in the prior Monthly Statement.

2. Monthly Statements shall be based upon the normal and customary hourly billing rate of the Professional; shall cover services rendered and expenses incurred during the preceding calendar months (as outlined above) and not previously billed, to the extent they are then available in such Professionals' records; and shall include a daily accounting of the services rendered itemized by date, the person who rendered the services, the amount of time expended and a description of the services rendered. Fees and expenses for a particular month that are not included in a Monthly Statement may be included in subsequent statements. The expense portion of the Monthly Statement shall be itemized on a monthly basis.

3. The expenses that shall be reimbursed by the Debtor pursuant to this Order shall be consistent with the U.S. Trustee's "Guidelines for Compensation and Expense Reimbursement of Professionals."

4. Any objection to any Monthly Statement shall be filed within 5 days of the date of service of the Monthly Statement, which objection shall be served by fax and by mail on: (i) the Debtor; (ii) the Debtor's bankruptcy counsel; (iii) the Committee's counsel; (iv) the U.S. Trustee; and (v) the specific Professional whose Monthly Statement is the subject of the objection. The objection shall specify a hearing date and time for the objection, which shall be the first available hearing date which is at least 14 calendar days after the filing date of the objection. If a timely objection is not filed and served to the Monthly Statement, the respective Professionals shall be authorized to be paid from the Debtor's estate 80% of the compensation (i.e., fees) requested and 100% of the costs and expenses requested. All objections shall state the specific items and amounts objected to, and the authorized percentages of the amounts as to which no objection is asserted may be paid without awaiting a ruling on the objection.

5. Within 25 days following the end of each three-month period, commencing with the period ending January 31, 2007, each Professional who has received reimbursement of expenses or interim compensation shall file with the Bankruptcy Court an application for interim approval of the payments applied during the preceding three-month period (the first application

may cover more than three months, as indicated) on account of services provided and expenses incurred, or from the inception of the case, as reported in the Monthly Statements. Notice of the hearing on such interim fee applications shall be provided to the United States Trustee; counsel for the Committee; the Royal Bank of Canada and its counsel; creditors alleging a security interest in the Debtor's assets; counsel for the Federal Trade Commission; counsel for David R. Chase, the receiver appointed for two alleged creditors of the Debtor; all other counsel, creditors, shareholders, and parties-in-interest who have filed with the Court and served upon the Debtor's counsel a request for special notice and service of papers pursuant to Rule 2002(i); and all Professionals whose employment has been approved by the Court (collectively, the "Compensation Notice Group"). The quarterly application may also include requests for payment of (i) compensation and reimbursement of expenses not included in a Monthly Statement, (ii) compensation and reimbursement of expenses included in a Monthly Statement but not paid because of an objection, and (iii) any "holdback" portion of compensation included in a Monthly Statement and not paid pursuant to the provisions of Paragraph 4.

6. Failure of a party in interest to object to payment of fees or costs of Professionals pursuant to a Monthly Statement shall not be a waiver of any right to object to approval of the fees or costs pursuant to the quarterly or final fee applications.

7. In connection with the administration of this estate, approval may be sought from time to time for employment of special counsel or other professional persons for a limited period of time or for a limited purpose. In such instances, the employment may, with the Bankruptcy Court's prior approval, be on the terms and conditions set forth herein or on terms and conditions different than those set forth herein, including the payment of an appropriate retainer, or an engagement on a flat fee or contingent basis.

## ARGUMENT

The ability of the Bankruptcy Court to authorize a monthly fee procedure was discussed and established by the Bankruptcy Appellate Panel for this Circuit in U.S. Trustee v. Knudsen Corp. (In re Knudsen Corp.), 84 B.R. 668 (Bankr. 9th Cir. 1988). In Knudsen, the Panel upheld a procedure approved by the Bankruptcy Court that permitted monthly bills of

-4-

professionals to be submitted to the debtors only[1] and paid by the debtor on a monthly basis, subject to subsequent approval at quarterly fee hearings. Unlike the instant case, the monthly fees were to be paid without any parties (other than the debtor) having an opportunity to review them or to obtain a hearing. Nonetheless, the Panel held that the procedure could be authorized if the following criteria were met:

> 1. The case is an unusually large one in which an exceptionally large amount of fees accrue each month;
>
> 2. The court is convinced that waiting an extended period for payment would place an undue hardship on counsel;
>
> 3. The court is satisfied that counsel can respond to any reassessment in one or more of the ways listed above;[2] and
>
> 4. The fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder.

Id. at 672-3 (footnote added).

In this case, unlike the Knudsen case, the Monthly Statements will be served on certain parties (not just the Debtor), who will have an opportunity to object and obtain a hearing before the objected-to fees are paid. As a result, the principal issue in the Knudsen case – whether the Bankruptcy Court could authorize the payment of fees prior to a hearing – does not even arise. Indeed, the procedure sought by this motion is very similar to that suggested by the appellant, the United States Trustee, in the Knudsen case:

> The Trustee recommends the following procedure which it claims is in use in a number of cases in the Central District of California and elsewhere: At the end of every month, attorneys and other professionals file and serve on interested parties applications for compensation pursuant to Bankruptcy Rule 2016; if no objection is filed within a reasonable time (e.g., 15 days), and if the court approves the application, the court may sign an order approving the

---

[1] Prior to the seeking the first interim payment, each professional was obligated to serve a schedule of rates on a few selected parties, but the monthly bills were required to be submitted only to the debtor.

[2] The Panel provided the following non-exclusive list of ways in which repayment could be assured: retainer payments are for only a percentage of the amount billed so that the likelihood or necessity of repayment is minimal; counsel can post a bond covering any possible reassessment; counsel's financial position makes it certain that any reassessment can be repaid; funds paid prior to allowance are held in a trust account until a final or interim fee allowance is made. Id. at 672.

-5-

Case: 07-52890    Doc# 268    Filed: 11/16/07    Entered: 11/16/07 22:50:01    Page 6 of 10

|   | request. If an objection is filed and a hearing is requested, the hearing may be set on an expedited basis. Although such a procedure would undoubtedly be appropriate, we decline to substitute our judgment for that of the trial court. |
|---|---|

Id.. at 672 n.7.

In any event, even if the proposed procedure did not afford an opportunity for objection and a hearing prior to payment of the monthly fees, the criteria established in the Knudsen case are met here:

1.    Waiting an extended period for payment would place an undue hardship on the Professionals in this complex case. Waiting for fee applications every 120 days would require the Professionals to finance substantial amounts.

2.    Professionals can respond to any requirement to return any amounts paid. For example, the Committee's counsel is a sizeable firm and whose attorneys have practiced before the Court for many years. The Debtor's counsel is likewise a large firm and whose lead counsel has practiced before this Court for over 30 years. Moreover, the procedure provides for only 80% fees to be paid on a monthly basis, so that there is a built-in 20% "cushion" to absorb disallowed fees before disgorgement would be necessary.

3.    The proposed procedure is being sought by motion on notice to all interested parties listed on the Compensation Notice Group.

Accordingly, the Debtor submits that the proposed procedure is appropriate for this case and should be approved.

In enacting the provisions of the Bankruptcy Code that relate to compensation of professionals, Congress adopted the principle that "professionals in bankruptcy cases are entitled to be paid on a comparable basis to other privately retained counsel, both in terms of timeliness and amount of payment." In re Commercial Consortium of California, 135 B.R. 120, 123 (Bankr. C.D. Cal. 1991) (citing, among others, Burgess v. Klenske (In re Manoa Finance Co., Inc.), 853 F.2d 687, 690 (9th Cir. 1988), In re Nucorp Energy, Inc., 764 F.2d 655, 658-59 (9th Cir. 1985)).

As a result, Section 331 of the Bankruptcy Code provides for the payment of interim compensation for professionals retained by debtors in possession and creditors' committees:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order or relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. The legislative history of the Bankruptcy Code illustrates the intent of Congress that interim compensation be provided on a sufficiently regular basis to ensure the adequacy of such compensation:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong., lst Sess. 330 (1977).

A bankruptcy court in the Central District of California addressed the issue of monthly compensation of professionals in <u>Commercial Consortium</u>. In analyzing section 331, the court noted that, although "[t]he essential purpose of this section is to relieve counsel and other professionals of the burden of financing lengthy bankruptcy proceedings," <u>In re Commercial Consortium of California</u>, 135 B.R. at 123, payments every 120 days may not now be sufficient to fulfill that purpose:

> In 1978, when the Code was enacted, attorneys customarily billed their clients on a quarterly basis. Times have changed. Lawyers now run their practices in a more business-like fashion. Computerization has simplified and speeded the billing process. As widely documented in the legal press, the billing cycle has shifted to monthly statements. The 120-day provision of Section 331, intended to be a help to lawyers in 1978, has become a straight-jacket for the lawyers of the '90s. Thus, even payments every 120 days no longer compensate bankruptcy attorneys on a fully equivalent basis with their non-bankruptcy colleagues.

Id. at 123-24.  The court therefore recognized that more frequent payments are "commonly authorized in large cases involving extensive legal work" in order "to help avoid undue delays in payment." Id. at 124.

   Section 102(l) of the Bankruptcy Code provides that "after notice and a hearing":

> (A) means after such notice as appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
>
> (B) authorizes an act without an actual hearing if such notice is given properly and if (i) such a hearing is not requested timely by a party in interest . . . .

11 U.S.C. § 102(1).  As noted, the proposed interim fee and expense procedure allows monthly payments only after notice is given to persons in the Monthly Statements Notice Group.  If any of such parties object to all or part of the fees or costs set forth in a monthly application, the disputed portion shall not be paid without prior Court approval.  Even if no objection is filed with regard to a monthly fee statement, other parties in interest may object to the fees or expenses of any Professional at the hearing on the quarterly application, the final fee hearing, or both, which hearings will be held following notice provided to the Compensation Notice Group.

   The proposed interim fee procedures alleviate the financial burden on Professionals employed and to be employed in this case complies with the requirements of section 331 of the Bankruptcy Code.  The proposed procedures for Monthly Statements and quarterly applications therefore are reasonable and appropriate.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A, and granting such further and additional relief as the Court deems to be just and proper.

Dated: November 16, 2007

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____/s/ Steven B. Sacks_____
STEVEN B. SACKS
JEFFREY K. REHFELD
Attorneys for debtor THE BILLING RESOURCE, dba INTEGRETEL