In the Matter of

Integretel, Incorporated
33-0289863
Audit Case # X -166499129
         # X -673347235
            For a

Sales and Compensating Use Tax Audit under Article 28 & 29 of the New York State Tax Law for the Audit Period [06/01/1998], through [02/28/2007].



**CLOSING AGREEMENT**

Pursuant to Paragraph Eighteenth of Section 171 of the New York State Tax Law, the Taxpayer captioned above ("Taxpayer") and the Commissioner of Taxation and Finance of the State of New York ("Commissioner") hereby enter into the following Closing Agreement ("Agreement") regarding the taxes captioned above and Audit Period captioned above ("Audit Period") and the terms below.

**WHEREAS**, the Commissioner has proposed certain adjustments of tax, plus interest and penalties, against the Taxpayer for the taxes captioned above and Audit Period, under the provisions of Articles 28 & 29 of the New York State Tax Law, and

**WHEREAS**, the Taxpayer denies all or in part the proposed adjustments of sales and compensating use tax, interest and penalties, and

**WHEREAS**, the Taxpayer and the Commissioner seek to resolve their differences and enter into this Agreement giving due regard to the previously unresolved issues of fact and law regarding the liabilities of the Taxpayer for the subject taxes, interest and penalties for the Audit Period.

**NOW, THEREFORE,** the Taxpayer and the Commissioner hereby mutually agree:

**FIRST**, the Taxpayer shall remit to the Commissioner the sum of $115,824.90 representing tax, plus interest computed at the minimum rate under Tax Law Section 1145(a)(1)(iii) computed through the date of payment in full, in satisfaction of the proposed adjustments of sales and compensating use taxes and interest due for the Audit Period.

RECEIVED
DEPT. OF TAX & FIN. AUDIT DIV.
SALES TAX-FAM   DIV.
JAN 25 2008

**SECOND**, the Taxpayer and the Commissioner agree that partial payment of $20,000 shall be submitted to the Commissioner on the time set forth in paragraph THIRD of this Closing Agreement, in the event that the Plan set forth in paragraph THIRD is confirmed. The remaining balance of the Payment will be paid by the Taxpayer in monthly installments of $10,000, payable on the fifteenth day of every month following the payment of the first installment by the Taxpayer, and continuing until the Payment is made in full. If the Taxpayer fails to make any of the above agreed-upon partial payments, the Division will use any method available to it by law to collect the agreed upon amount plus interest that may accrue from the date of the default to the date payment in full is received. At the sole discretion of the Taxpayer, Taxpayer may prepay, in whole or in part, any of the amounts due under this Closing Agreement, without penalty. In the event that a Plan as set forth in paragraph THIRD is not confirmed, and a Chapter 7 trustee is appointed, then the amounts due under paragraph FIRST shall be binding on such Chapter 7 trustee as a Chapter 7 claim, and the claim shall be deemed allowed in the amount set forth in paragraph FIRST.

**THIRD**, the Taxpayer agrees to waive any rights to protest, agrees to withdraw all pending protests, and agrees to withdraw all pending applications for credit or refund, other than requests which are being processed as part of this agreement, for refund or credit of tax paid under Articles 28 & 29 of the New York State Tax Law for the Audit Period, and agrees not to file any future applications or claims for refund or credit related to such periods, subject to the provisos in this paragraph. Taxpayer is a debtor in Chapter 11 in the United States Bankruptcy Court in the Northern District of California, Case No. 07-52890. ("Bankruptcy Case"). Debtor has recently filed a Chapter 11 Plan of Reorganization. Such plan as it has been filed and may be hereinafter be amended is called the "Plan". The first payment due under paragraph FIRST of this Closing Agreement shall be due on the 15th day of the month immediately following the Effective Date of the Plan. In the event that a Plan is not confirmed, then the Settlement Amount set forth in paragraph FIRST shall be deemed binding on a successor Chapter 7 trustee and shall be deemed the allowed

amount of the claim of New York on the matters covered by this Closing Agreement. The obligations of Taxpayer under this Closing Agreement are subject to the entry of an order of the Bankruptcy Court in the Bankruptcy Case approving the terms and conditions of this Closing Agreement, which order has not been stayed. Taxpayer agrees to expeditiously seek an order of the Bankruptcy Court approving the terms and conditions of this Closing Agreement. The parties to this Closing Agreement agree to submit to the jurisdiction of such Bankruptcy Court to interpret and enforce the terms and conditions of this Closing Agreement."

**FOURTH**, this Agreement sets forth the entire understanding between the Taxpayer and the Commissioner with respect to the subject matter or Taxable Period hereof and supersedes any prior negotiations, agreements, understandings or arrangements between them with respect to the subject matter or Taxable Period hereof. Except as otherwise stated within this Agreement, this Agreement shall be final, conclusive and irrevocable for the subject taxes and Audit Period, and except upon a showing of fraud, malfeasance or misrepresentation of a material fact: (a) the case shall not be reopened as to the matters agreed upon or the Agreement modified, by any officer, employee, or agent of this state, and (b) in any suit action, or proceeding, this Agreement, or any determination, assessment, collection, payment, cancellation, abatement, refund or credit made in accordance herewith, shall not be annulled, modified, set aside or disregarded.

**FIFTH**, effective as of the date this Agreement is signed by the Director of Tax Audits and subject to the limitations set forth in paragraph SIXTH below, the Taxpayer and the Commissioner agree that, as long as the Taxpayer continues to provide billing aggregation services to companies providing telephone services to New York end-users, the Taxpayer will be responsible for the remittance of all applicable New York sales taxes as set forth under Tax Law § 1105(b) and Tax Law § 1105(c)(9) that it receives from local exchange carriers (LECs) or other carriers that actually bill the New York end-users. If the Taxpayer provides taxable services or initiates the billing for taxable services itself (as opposed to relying on the LECs to accomplish the billing), the Taxpayer agrees to collect and remit all future taxes due in accordance with the Tax Law.

**SIXTH**, the Taxpayer will distribute to all clients that have or may have NY customers copies of TSB-M 90(10)S and N-93-20 and any new publications pertaining to 900 number phone service that the Department instructs the Taxpayer to distribute. The Taxpayer will provide to the Commissioner or his representative upon request a list of all clients during the last 12 months that had or may have had New York customers and the sales tax vendor identification numbers for the clients that were registered as vendors with the Commissioner. Subject to availability from the LECs, the Taxpayer will provide to the Commissioner or his representative upon request schedules of the New York sales tax that the Taxpayer received on behalf of each of its clients during the last 12 months. the Taxpayer will also provide to the Commissioner or his representative upon request a list of its clients with New York customers for whom no New York sales tax was remitted by LECs to Taxpayer on behalf of the client during the last 12 months and a list of clients for whom no information was obtained from the LECs as to the collection of New York sales tax. The Commissioner shall have the right to request the lists and schedules enumerated in this paragraph on an annual basis.

**SEVENTH**, This Agreement is strictly confidential between the Commissioner, the Commissioner's employees and representatives, and the Taxpayer, and shall not be made known to any other party except taxing jurisdictions with which the Commissioner has entered into a lawful information exchange agreement, or as required in connection with Taxpayer's Bankruptcy Case, or otherwise required by law.

**EIGHTH**, This Agreement shall be binding upon New York State, the Taxpayer and the Taxpayer's respective successors and assignees.

***IN WITNESS WHEREOF*** the Taxpayer and the Commissioner have caused this Agreement to be executed on the dates shown below.

Date: 1/18/08          By: _____ POA

Signature of Taxpayer
or Authorized Representative
with Power of Attorney on File

Timothy P. Noonan

Print Name and Title of Taxpayer
or Authorized Representative

Date: 2/4/08           NEW YORK STATE DEPARTMENT
                       OF TAXATION AND FINANCE

_____
Commissioner of Taxation, by
Director of Tax Audits