SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MICHAEL H. AHRENS, Cal. Bar No. 44766
STEVEN B. SACKS Cal. Bar No. 98875
JEFFREY K. REHFELD, Cal, Bar No. 188128
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106
Telephone:  (415) 434-9100
Facsimile:   (415) 434-3947
Email:        mahrens@sheppardmullin.com
                  ssacks@sheppardmullin.com

Bankruptcy Reorganization Counsel
for Debtor and Debtor-in-Possession
The Billing Resource, dba Integretel

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>THE BILLING RESOURCE, dba INTEGRETEL, a California corporation<br><br>Debtor. | Case # 07-52890 ASW<br><br>Chapter 11<br><br>**FIRST INTERIM FEE APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES (FOR THE PERIOD OCTOBER 4, 2007 THROUGH DECEMBER 31, 2007); DECLARATION OF PAUL J. WEBER IN SUPPORT THEREOF**<br><br>Date:         March 18, 2008<br>Time:        2:15 p.m.<br>Place:        United States Bankruptcy Court<br>                 280 South First Street<br>                 San Jose, California<br>Judge:       Hon. Arthur S. Weissbrodt<br>Courtroom: 3020 |

1

# TABLE OF CONTENTS

I. INTRODUCTORY STATEMENT ............................................................... 3

II. DESCRIPTION OF EXPERIENCE ............................................................. 6

III. DESCRIPTION OF SERVICES RENDERED .............................................. 7

IV. SUMMARY ................................................................................................ 13

V. DECLARATION OF PAUL J. WEBER ..................................................... 16

Exhibit

A   Copy of Order Approving Retention of FTI Consulting, Inc.

B   Copy First Monthly Fee Statement of FTI Consulting, Inc.

C   Copy Second Monthly Fee Statement of FTI Consulting, Inc.

D   Summary Schedule of Professionals, Hours Spent, Billing Rate, and the Total Fees

E   Summary of Fees by Project Category and Itemized Time Records by Professional

F   Expense Summary and Expense Detail by Professional

G   Brief Biographical Notes of Senior Members of Engagement Team

## I. INTRODUCTORY STATEMENT

1. **INTRODUCTION**: SHEPPARD, MULLIN, RICHTER & HAMPTON LLP ("Sheppard"), as bankruptcy counsel to the Debtor and Debtor-in-possession the Billing Resource, dba Integretel ("the Debtor"), submits this First Interim Fee Application on behalf of FTI Consulting, Inc ("FTI" or "Applicant") as financial advisors to the Debtor for the Period of October 4, 2007 through December 31, 2007 (herein the "First Interim Fee Application") This application requests that the Court allow on an interim basis FTI's fees in the amount of $352,169.55[1] and reimbursement of expenses in the amount of $4,336.33 for the period from October 4, 2007 through and including December 31, 2007 (the "First Interim Period").

2. **NOTICE:** A separate notice (the "Notice") regarding this First Interim Fee Application, as well as the first interim fee applications filed by certain other professionals in this Bankruptcy Case, is being served upon required parties. The Notice provides details regarding the hearing before this Court with respect to this First Interim Fee Application as well as the deadline and procedures for filing and serving any oppositions to the relief sought in this First Interim Fee Application. All entities are encouraged to carefully read the Notice.

3. **RETENTION OF THE APPLICANT:** On or about October 28, 2007 the Court entered its Order approving the Debtor's retention of FTI as Financial Advisor for the Debtor. A true and correct copy of that Order is attached as Exhibit "A".

3. **CASE EVENTS:** On September 16, 2007 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its businesses and manage its properties and assets as Debtor in possession. No trustee or examiner has been appointed in the Debtor's chapter 11 case.

4. The background of the Debtor and this bankruptcy case has been set forth previously in numerous pleadings filed with the Court. FTI hereby incorporates by reference the "General Background" and the "Case Status" sections of the first interim fee application of

---

[1] Includes a voluntary reduction of 10% of fees incurred during the First Interim Date Period.

3

Sheppard, which is being filed contemporaneously with this First Interim Application and which is being noticed for hearing at the same time as this First Interim Application.

FTI's request for relief is based on this First Interim Application, the Notice, the declaration of Paul J. Weber filed in support of the First Interim Application, and all related documents and pleadings previously filed, or that may be filed, prior to the hearing on this First Interim Application.

5. **SERVICES PERFORMED:** In its role as Financial Advisor for the Debtor, FTI, in the First Interim Period, (i) performed 884.6 hours of service and incurred fees in the amount of $391,299.50 based upon firm guidelines on hourly rates and standard billing practices and (ii) incurred expenses in the amount of $4,336.33. The Applicant has voluntarily written of a total of $39,129.95 in fees for the period covered by this Application, and seeks final approval of compensation totaling $356,505.88 which represents $352,169.55 in fees and $4,336.33 in expenses.

6. **PRIOR COMPENSATION:** On December 19, 2007, this Court entered its "Order Approving Interim Compensation And Reimbursement Procedures For Professionals" (Docket No. 354) (the "Knudsen Order"). Subject to the terms and conditions set forth therein, the Knudsen Order authorized professionals whose employment had been approved by the Court to be paid amounts representing 80% of such firm's fees and 100% of such firm's expenses on an interim basis prior to approval of a formal fee application.

As of the date of this Application, Applicant has received $217,650.15 for compensation equal to 80% of fees and 100% of expenses for the in connection with a first monthly statement filed pursuant to the Knudsen Order.

7. FTI has attached the following Exhibits in support of its First Interim Application:
   a. Exhibit "A" - A copy of the Court's Order Approving Debtor's Application Authorizing The Employment and Retention of FTI Consulting, Inc. as Financial Advisors;

4

b. Exhibit "B" - A copy of the First Itemized Monthly Statement of FTI Consulting, Inc. Requesting Interim Compensation and Reimbursement of Expenses for the Period October 4, 2007 – November 30, 2007.

c. Exhibit "C" - A copy of the Second Itemized Monthly Statement of FTI Consulting, Inc. Requesting Interim Compensation and Reimbursement of Expenses for the Period December 1, 2007 – December 31, 2007.

d. Exhibit "D" – A summary schedule showing the professionals who performed the services, the number of hours spent, the respective professional's billing rate, and the total fees for such services;

e. Exhibit "E" – A Summary of Fees by Project Category and itemized time records, in chronological order, of each specific service for which an award of compensation is sought. The itemized record includes: (1) the date each service was rendered, (2) the professional(s) who performed the service, (3) a description of the services rendered, and (4) the time spent performing the service in increments of tenths of an hour for the First Interim Application Period;

f. Exhibit "F" – An Expense Summary and Expense Detail report by individual and itemized total expenses for which reimbursement is sought. All expenses for which reimbursements are sought are disclosed in detail by the individual. FTI has not requested reimbursement for certain out-of-pocket expenses when it would not be possible to assemble the billing details for reimbursement under this Court's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees ("The Guidelines"). These unbilled out-of-pocket expenses typically include telephone charges for calls placed in its offices and copying and facsimile charges incurred at the Applicant's offices in connection with these cases. These unbilled out-of-pocket expenses are real costs that have been incurred by FTI and have benefited the Estate;

g. Exhibit "G" –Brief Biographical Notes of Senior Members of the Engagement Team.

5

## II.

## DESCRIPTION OF EXPERIENCE

1. FTI Consulting, Inc. is a multi-disciplined consulting firm with leading practices in financial restructuring and litigation support services. FTI Consulting, Inc. serves its clients from twenty (20) offices throughout the United States.

2. FTI's Corporate Finance practice has extensive experience in financial reorganizations, bankruptcy and litigation consulting services. Our professionals have provided services to a wide variety of industries, and as a result, FTI has accumulated a wealth of knowledge concerning the intricacies of these matters. Our client list comprises many of the Global 1000, as well as the majority of the largest 25 banks and the top 100 law firms in the world.

3. In bankruptcy and forensic accounting, FTI has accumulated over twenty years of experience servicing Debtors, Creditors, and Trustees in bankruptcy matters. Current and former Chapter 11 cases in which the San Francisco office of the FTI Corporate Finance practice has acted as a financial advisor to either the Debtor, the Creditors' Committee, or the Trustee include: Quokka Sports, Inc., Track 'n Trail, Inc., Pacific Gas and Electric Company, OmniSky Corporation, Metricom, Inc., HealthCentral.com, U.S. Wireless Corporation, the Estate of Brobeck, Phleger and Harrison LLP, iBeam Corporation, Golden Northwest Aluminum, Kaiser Aluminum, and Silicon Graphics, amongst others.

4. In addition, FTI has assisted numerous debtor and debtor-in-possession entities involving liquidation of bankruptcy estates, successful development of reorganization plans, numerous valuation projects, and other services related to reorganization.

## III.

## SUMMARY AND DESCRIPTION OF SERVICES RENDERED TO THE DEBTOR

1. During the Fist Interim Period, the Applicant assisted the Debtor in the following categories of service:

| Category | Task Code | Hours | Fees |
|---|---|---|---|
| 1 | Case Administration | 7.3 | $3,709.50 |
| 2 | Cash Flow Analysis | 18.5 | $12,042.00 |
| 3 | Court Hearing Attendance | 12.0 | $8,100.00 |
| 4 | Executory Contracts Analysis | 16.8 | $7,465.50 |
| 5 | General Operations | 120.5 | $56,206.50 |
| 6 | Monthly Operating Reports | 152.1 | $65,344.50 |
| 7 | Plan Financials | 96.2 | $40,988.00 |
| 8 | Plan of Reorganization | 68.2 | $46,011.00 |
| 9 | SOFA's and SOAL's - Preparation | 356.5 | $137,682.00 |
| 10 | Tax Matters | 36.5 | $13,750.50 |
| | Total Hours and Fees | 884.6 | $391,299.50 |
| | Voluntary Reduction | | ($39,129.55) |
| | Total Net Fees | | $352,169.55 |

2. The services rendered by the Applicant during the First Interim Period can be grouped into the categories as summarized in the chart above and described in greater detail below. A more detailed analysis by task and by professional who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category, are detailed in Exhibit "E".

**Category 1: Case Administration $3,709.50, 7.3 hours).**

4. Services rendered by FTI professionals listed in this category were as follows:

   a. FTI reviewed the case timeline, developments, and proceedings, as well as select motions filed.

7

b. FTI professionals participated in meetings and teleconferences with the Debtor representatives and counsel to discuss overall engagement strategy and status of the case.

c. FTI performed a review of the creditor's matrix to ensure data related to creditors was accurate and complete to ensure successful delivery of notices to creditors.

**Category 2: Cash Flow Analysis ($12,042.00, 18.5 hours).**

5. Services rendered by FTI professionals listed in this category were as follow:

a. FTI reviewed the Debtor's various cash accounts and corresponding cash flows. FTI advised the Debtor in regards to the setup of the cash budget and the segregation of pre-petition and post-petition activities. In addition, FTI professionals provided guidance in relation to the recording of ongoing transactions including LEC and customer true-ups.

b. FTI assisted the Debtor in regards to the preparation of the liquidation analysis as of 9/16/07. This included a review of items to create a pro-forma balance sheet as well as an initial review of secured and unsecured claims.

c. Analysis of the prepayment plan and the appropriate rates of prepayment as well as the timing of disbursements to ensure adequate cash flow to meet operating needs.

d. FTI reviewed the cash collateral motions and assisted in the preparation of materials for meetings with the Creditors Committee.

**Category 3: Court Hearing Attendance ($8,100.00, 12.0 hours).**

6. Services rendered by FTI professionals listed in this category were as follows:

8

a. FTI professionals attended Court hearings in San Jose to provide support for the declaration and the budget/cash collateral use.

**Category 4: Executory Contracts Analysis ($7,465.50, 16.8 hours).**

7. Services rendered by FTI professionals listed in this category were as follows:

   a. FTI reviewed LEC and customer contracts to ensure compliance with LEC and customer contractual terms. Also, contracts were reviewed for inclusion on the Schedule of Assets and Liabilities.

   b. FTI professionals reviewed the lease employment and intercompany agreements to determine appropriate accounting in the general ledger, monthly operating reports, the Statement of Financial Affairs, the Schedule of Assets and Liabilities and financial projections.

**Category 5: General Operations ($56,206.50, 120.5 hours).**

8. Services rendered by FTI professionals listed in this category were as follows:

   a. FTI professionals provided support to the Debtor for the accounting and finance operations. This entailed assisting the Debtor's accountants / bookkeepers of the appropriate journal entries and adjustments to record in the general ledger for certain accounts. Also, FTI assisted the Debtor with the month-end closing issues.

   b. FTI professionals provided guidance in its review of certain revenue, cost of revenue, and operating expense accounts.

   c. FTI professionals reviewed and provided guidance in its review of inter-company accounts and post-petition treatment.

d. FTI professionals assisted the Debtor in the preparation of responses and the corresponding supporting documentation in regards to inquiries from the Creditors Committee and the US Trustee.

**Category 6: Monthly Operating Reports ($65,344.50, 152.1 hours).**

9. Services rendered by FTI professionals listed in this category were as follows:

   a. FTI assisted the Debtor with preparation of and review of the Monthly Operating Reports to be filed with the US Trustee office on a monthly basis for the months of September, October and November 2007.

   b. FTI professionals participated in meetings and teleconferences with the Debtor and others to ensure that accounting treatment were recorded according to bankruptcy guidelines.

   c. FTI assisted the Company with reviewing bank statements and cash transactions to create monthly cash flow statements; pre-petition and post-petition accounts.

**Category 7: Plan Financials ($40,988.00, 96.2 hours).**

10. Services rendered by FTI professionals listed in this category were as follows:

    a. FTI professionals participated in meetings and teleconferences with the Debtor and counsel to understand the requirements of the plan financials and the go-forward operational issues.

    b. FTI assisted the Debtor in creating a 12 month financial projection in support of the Plan of Reorganization, including an income statement and operating cash flows of the Reorganized Debtor.

    c. FTI reviewed the methodology and timing of cash flow of the plan financials with the Debtor.

d. FTI professionals reviewed the revenue, headcount, cost of revenue, and operating expense assumptions with the Debtor and performed comparisons with the historical figures to ensure reasonableness.

e. FTI assisted the Debtor in its preparation of a liquidation analysis in support of the Plan; including operating budgets, estimated claims payout, client settlement projections, and others.

**Category 8: Plan of Reorganization ($46,011.00, 68.2 hours).**

11. Services rendered by FTI professionals listed in this category were as follows:

  a. FTI professionals participated in meetings and teleconferences with the Debtor and counsel to understand the requirements of the Plan of Reorganization and discuss the structure and issues.

  b. FTI reviewed term sheets from potential acquirers.

  c. FTI assisted the Debtor with the preparation of the Plan of Reorganization and the Disclosure Statement.

  d. FTI professionals participated in meetings and teleconferences with the Creditors Committee to provide information related to the Plan of Reorganization.

  e. FTI assisted the Debtor with an analysis of the claims and assessed recovery percentages for the scenarios under the Plan of Reorganization and liquidation.

**Category 9: SOFA's and SOAL's ($137,682.00, 356.2 hours).**

12. Services rendered by FTI professionals listed in this category were as follows:

  a. FTI professionals prepared the Statement of Financial Affairs and the Schedule of Assets and Liabilities.

11

b. FTI professionals participated in meetings and teleconferences with the Debtor's accountants and bookkeepers to communicate requirements and assisted with the compilation of the various schedules.

c. FTI professionals assisted the Debtor and counsel in reviewing the Creditors Matrix and subsequently modifying the document to ensure completeness and accuracy.

d. FTI reviewed the current requirements requested by the US Trustee and ensured the completed statements and schedules were in compliance with these requirements.

e. FTI assisted the Debtor in estimating the client settlement position as of the Petition Date; including estimates for various reserves and holdbacks.

f. FTI provided support in the aggregation of executory contracts; tax obligations; property, plant and equipment; accounts payable and others.

**Category 10: Tax Matters ($13,750.50, 36.5 hours).**

13. Applicant has dedicated efforts to ensure that the Debtor is compliant with respect to all of its tax returns and tax related obligations. During the First Interim Period, the Applicant's tax related activities included, but were not limited to, the following:

a. FTI professionals reviewed and assessed the telco tax liability as of the petition date.

b. FTI professionals participated in meetings and teleconferences with to gain an understanding of the calculation of taxes related to each taxing authority, disbursements made on pre-petition tax liabilities, charges incurred connection therewith, and the historical telco taxes paid.

c. FTI assessed the ongoing monthly telco tax accrual based on a review of historical data.

12

Case: 07-52890   Doc# 529   Filed: 03/28/08   Entered: 03/28/08 15:42:41   Page 12 of 15

## IV.

## SUMMARY

1. FTI believes that it has compiled its fees and expenses and prepared this application in conformance with the Guidelines, other than as set forth herein.

2. Attached hereto as Exhibit "D" is a summary schedule showing the names of all professionals who rendered services during the First Interim Period, and the hourly rate and total hours charged by each professional.

3. Attached hereto as Exhibit "E" is a detailed description of time expended by FTI professionals for each project category during the First Interim Period.

4. Attached hereto as Exhibit "F" is a detailed description of actual out-of-pocket expenses incurred by FTI professionals during the First Interim Period.

5. Attached as Exhibit "G" are descriptions of the Qualifications of Professionals with significant hours in this matter.

6. In rendering these services, FTI made every effort to maximize the benefit to the Debtor and to work with other professionals employed in these cases to avoid duplication of effort. The level of services rendered by FTI to achieve the results obtained for the benefit of the Debtor was reasonable in light of the number and complexity of the issues involved in this case. FTI judiciously allocated responsibilities to minimize possible duplication of efforts.

7. The Guidelines provide that "[t]he maximum amount that should be included in a single category should generally be $20,000[,]" but that this cap may be exceeded "where further breakdown is impractical." See Northern District Guidelines, at § I.3. In this case, it would be impractical to break down all the work into categories totaling $20,000 or less. For example, in some instances the fees for a single type of project exceeded $20,000. This is a result of the size and scope of certain of the projects FTI performed. Accordingly, some of the project categories exceed $20,000.

8. FTI has not shared, nor agreed to share, any compensation received as a result of this case with any person, firm or entity. No promises concerning compensation have been made

to FTI by any firm, person or entity. The sole and exclusive source of compensation shall be funds of the Estate.

9. FTI asserts that the compensation requested above is reasonable compensation for the actual and necessary services rendered based upon the time, nature and value of such services. The Applicant further asserts that the cost of services rendered is comparable to the cost of similar services in matters other than under the Bankruptcy Code.

14

WHEREFORE, FTI respectfully requests that the Court enter an Order granting first interim allowance of $352,169.55 of fees for services rendered and of $4,336.33 for reasonable actual and necessary expenses incurred in the administration of the Debtor's case during the period October 4, 2007 through and including December 31, 2007.

Dated: January 25, 2008

FTI CONSULTING, INC.

By: /s/ Paul J. Weber
Paul J. Weber

Dated: January 25, 2008

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Michael H. Ahrens
MICHAEL H. AHRENS
STEVE B. SACKS
JEFFREY K. REHFELD
Attorneys for Debtor The Billing Resource, dba Integretel

15