John D. Fiero (CA Bar No. 136557)
Maxim B. Litvak (CA Bar No. 215852)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

Attorneys for The Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>THE BILLING RESOURCE, dba INTEGRETEL,<br><br>Debtor | Case No.: 07-52890 ASW<br><br>Chapter 11<br><br>**FIRST INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 3, 2007 THROUGH APRIL 30, 2008**<br><br>Date: August 19, 2008<br>Time: 1:45 p.m.<br>Place: United States Bankruptcy Court<br>280 South First Street<br>San Jose, CA<br>Judge: Honorable Arthur S. Weissbrodt |

**Table of Contents**

I. INTRODUCTION .................................................................................................................... 2
    A.    Background ................................................................................................................. 2
    B.    Employment of PSZ&J .............................................................................................. 2
II. PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED ........... 2
    A.    Asset Disposition ....................................................................................................... 3
    B.    Appeals ...................................................................................................................... 3
    C.    Bankruptcy Litigation ................................................................................................ 3
    D.    Case Administration .................................................................................................. 4
    E.    Claims Admin/Objections ......................................................................................... 4
    F.    Compensation of Professionals .................................................................................. 4
    G.    Compensation of Professionals/Other ........................................................................ 4
    H.    Employee Benefits ..................................................................................................... 4
    I.    Executory Contracts .................................................................................................. 4
    J.    Financing ................................................................................................................... 4
    K.    General Business Advice ........................................................................................... 5
    L.    Hearing ...................................................................................................................... 5
    M.    Intercompany/Debtors ............................................................................................... 5
    N.    Non-Working Travel .................................................................................................. 5
    O.    Plan & Disclosure Statement ..................................................................................... 5
    P.    Retention of Professionals ......................................................................................... 6
    Q.    Retention of Professionals/Other ............................................................................... 6
    R.    Stay Litigation ........................................................................................................... 6
    S.    List of Expenses by Category .................................................................................... 6
    T.    Hourly Rates .............................................................................................................. 7
    U.    Professionals and Paraprofessionals .......................................................................... 7
    V.    Client Review of Billing Statements .......................................................................... 7
    W.    Notice of Application and Hearing ............................................................................ 8
III. THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED BASED UPON APPLICABLE LAW ............................................................................................................. 8
    A.    Evaluation of Requests for Compensation ................................................................. 8
    B.    Section 330(a)(3) Factors .......................................................................................... 9
    C.    Available Funds ...................................................................................................... 10
IV. CONCLUSION ................................................................................................................... 10

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

## Table of Authorities

**Cases**

*American Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of America*), 544 F.2d 1291 (5th Cir. 1977) .................................................................................................................. 9
*Burgess v. Klenske* (*In re Manoa Finance Co., Inc.*), 853 F.2d 687, 691 (9th Cir. 1988) ................... 8
*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974) ...................... 8, 9
*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976) .................................................................................................................................. 8

**Statutes**

11 U.S.C. § 330 .............................................................................................................. 1, 8, 9
11 U.S.C. § 331 ................................................................................................................. 1, 8
42 U.S.C. § 2000 .................................................................................................................. 8

**Other Authorities**

Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees ........ 1, 6, 7
United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 ............................................................................ 1

**Rules**

Fed. R. Bank. P. 2016 ............................................................................................................ 1

Pachulski Stang Ziehl & Jones LLP ("PSZ&J"or the "Firm") hereby submits its First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the period of October 3, 2007, through and including April 30, 2008 (the "Application"), in connection with its representation of the Official Committee of Unsecured Creditors (the "Committee") for the above-captioned debtor (the "Debtor"). The Firm seeks interim approval of compensation totaling $191,537.27[1] which sum represents compensation for services rendered in the amount of $183,825.50 and reimbursement for expenses incurred in the amount of $7,711.77 for the period commencing on October 3, 2007, and ending on April 30, 2008 (the "Application Period").

Summary charts detailing (i) the amount of fees charged and hours worked by each of the Firm's professionals and para-professionals during the Application Period and (ii) the amounts requested by the Firm for reimbursement of expenses incurred (by category) during the Application Period are annexed hereto as **Exhibit A**.

PSZ&J submits this Application pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* ("Northern District Guidelines"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* ("UST Guidelines"), and the Local Bankruptcy Rules for the Northern District of California.

The Application is based upon the Application and the exhibits, including the declaration of John D. Fiero, filed concurrently herewith, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

///

///

///

///

---

[1] This amount is net of a write-off of $72.73 for expenses inadvertently charged to the Committee in the Firm's monthly billing statement.

# I.
# INTRODUCTION

**A.     Background**

On September 16, 2007, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United State Code (the "Bankruptcy Code").

On October 1, 2007, the United States Trustee appointed the Committee in the Case pursuant to section 1102(a)(2). The Committee is presently comprised of the following seven members:[2] (1) Agora Solution Corp., (2) Email Discount Network, LLC, (3) NTE, (4) Telco Billing, Inc., (5) Total I Protect, LLC, (6) InfoSourceUSA, LLC, and (7) American Premium Warehouse, Inc. To date, no other committees have been appointed in the Case.

On October 3, 2008, the Committee selected the Firm as its general counsel, subject to the approval of this Court.

**B.     Employment of PSZ&J**

PSZ&J is a law firm with offices in San Francisco and Los Angeles, California, Wilmington, Delaware, and New York, New York. The Firm currently employs approximately 55 attorneys and specializes in business reorganizations, bankruptcy, commercial law, and litigation. The order approving PSZ&J's employment as counsel to the Committee was entered on April 23, 2008, a copy of which is attached hereto as **Exhibit B**.

# II.
# PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED

In accordance with the Northern District Guidelines and the Local Rules, PSZ&J classified all services performed for which compensation is sought into categories. PSZ&J attempted to place the services performed in the category that best relates to the service provided. However, because certain services in the Debtor's chapter 11 case affected multiple categories, services pertaining to one category may occasionally be included in another category. PSZ&J has established the following billing categories:

---

[2] On January 24, 2008, Horizon Telecom, Inc. and Toll Free Voice Mail, Inc. resigned from the Committee.

- Asset Disposition
- Appeals
- Bankruptcy Litigation
- Case Administration
- Claims Admin/Objections
- Compensation of Professionals
- Compensation of Professionals/Other
- Employee Benefits
- Executory Contracts
- Financing
- General Business Advice
- General Creditors Committee
- Hearing
- Intercompany/Debtors
- Non-Working Travel
- Plan & Disclosure Statement
- Retention of Professionals
- Retention of Professionals/Other
- Stay Litigation

**Exhibit C** provides a detailed breakdown of the time entries and expenses incurred during the Application Period.

**A.  Asset Disposition**

Time billed to this category relates to the review, analysis and discussion of the various term sheets presented in the case as well as the review, analysis and discussion of potential purchase offers.

**Total Hours 15.20/Total Fees $7,927.50**

**B.  Appeals**

Time billed to this category relates to the preparation of an appellate amicus brief regarding the issues arising from the Debtor's litigation in the Florida District Court. Such work was performed at the request and suggestion of the Debtor.

**Total Hours 11.50/Total Fees $6,037.50**

**C.  Bankruptcy Litigation**

This category relates to work devoted to the various litigation matters presented in the early months of the case, specifically including the adversary proceeding brought by Thermo Credit, for which the Committee assumed responsibility and the actions filed by the companies affiliated with former Committee chair Nelson Gross.

**Total Hours 103.60/Total Fees $52,063.00**

**D. Case Administration**

Time billed to this category primarily relates to preparing for and conducting meetings with the Committee, as well as communication with Committee members and creditors, and other general tasks arising from the Firm's representation of the Committee.

**Total Hours 120.80/Total Fees $62,182.50**

**E. Claims Admin/Objections**

The Firm billed minimal time to this category addressing claim issues.

**Total Hours 2.20/Total Fees $600.00**

**F. Compensation of Professionals**

Time billed to this category relates to the review of monthly fee statements filed by various professionals in the case and Committee expense reports.

**Total Hours 3.30/Total Fees $1,542.50**

**G. Compensation of Professionals/Other**

Time billed to this category relates to the preparation and review of the monthly and interim fee statements provided by the Committee's financial advisors.

**Total Hours 3.90/Total Fees $780.00**

**H. Employee Benefits**

The time billed to this category is *de minimis*.

**Total Hours .30/Total Fees $157.50**

**I. Executory Contracts**

Time billed to this category relates to the Firm's review and preparation of an opposition to the Debtor's motion to execute a new lease for its shared headquarters space.

**Total Hours 4.40/Total Fees $2,055.00**

**J. Financing**

The time devoted to this category related primarily to review and consideration of the Debtor's various cash collateral motions, and attendance at the hearings on those motions.

**Total Hours 29.60/Total Fees $14,867.50**

**K.     General Business Advice**

The time billed to this category is *de minimis*.

**Total Hours .70/Total Fees $315.00**

**L.     General Creditors' Committee**

The time in this category could just as easily have been billed to Case Administration. It relates to preparing for and conducting meetings with the Committee, communication with Committee members and other creditors, and other general tasks arising from the Firm's representation of the Committee.

**Total Hours 33.80/Total Fees $15,210.00**

**M.     Hearing**

The time billed to this category relates to the services provided by the Firm at various hearings on behalf of the Committee.

**Total Hours 6.10/Total Fees $2,745.00**

**N.     Intercompany/Debtors**

Time billed to this category relates to a meeting with Debtor's counsel.

**Total Hours 1.30/Total Fees $585.00**

**O.     Non-Working Travel**

Time billed to this category relates to the non-working travel time spent getting to and from Court hearings in this matter. Pursuant to an agreement with the Committee, the Firm has agreed not to charge for its travel time in this case.

**Total Hours 14.40/Total Fees $0.00**

**P.     Plan & Disclosure Statement**

Time devoted to this category relates to the review, consideration and negotiation of the Debtor's initial plan of reorganization. Such plan did not proceed past the disclosure statement stage because the Committee determined that an orderly sale process was the best path for this case, with a plan to follow.

**Total Hours 19.30/Total Fees $9,577.50**

**Q.  Retention of Professionals**

Time billed to this category relates to preparation of retention applications for the Firm and the Committee's financial advisors.

**Total Hours 13.30/Total Fees $6,082.50**

**R.  Retention of Professionals/Other**

Time billed to this category relates to the preparation of the Committee's financial advisor's monthly fee statement.

**Total Hours .80/Total Fees $160.00**

**S.  Stay Litigation**

Time billed to this category relates to the review and analysis of motions for relief from stay filed by LSI and NTS.

**Total Hours 2.00/Total Fees $937.50**

**T.  List of Expenses by Category**

PSZ&J advanced costs, including certain in-house charges, on behalf of the Committee in connection with the performance of the services described in this Application. During the Application Period, PSZ&J incurred a total of $7,711.77[3] in expenses. PSZ&J made every effort to keep the costs in this case to a minimum.

PSZ&J customarily charges $0.20 per page for photocopying expenses. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis. Whenever feasible, PSZ&J sends large copying projects to an outside copy service that charges a reduced rate for photocopying.

Ordinarily, PSZ&J charges $1.00 per page for out-going facsimile transmissions. Pursuant to the Northern District Guidelines, however, PSZ&J has agreed not to charge for outgoing facsimiles. Fax receipts are charged at $0.20 per page, the same cost as PSZ&J charges for photocopies.

---

[3] This amount includes a total write-off of $72.73 for secretarial overtime and outgoing faxes to conform with the Northern District Guidelines.

Regarding providers of on-line legal research (e.g., LEXIS and Westlaw), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amount charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client. PSZ&J does not charge for local or long distance calls placed by attorneys from their offices. PSZ&J only bills its clients for the actual costs charged to PSZ&J by teleconferencing services in the event that a multiple party teleconference is initiated through PSZ&J. PSZ&J believes that its expense charges are consistent with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**U.  Hourly Rates**

The hourly rates of all professionals and paraprofessionals rendering services in this case are set forth on the Billing Summary Chart on **Exhibit A** hereto. Such rates did not change during the time period represented by the Application.

**V.  Professionals and Paraprofessionals**

The biographies of the attorneys who have worked on this matter and a description of the professional education and biographies of the paralegals, professional assistants, and law clerks employed by the Firm who rendered services in this case during the Final Fee Period have been previously filed with the Court. PSZ&J has no understanding, agreement, or arrangement of any kind to divide with or pay to anyone any of the fees to be awarded in these proceedings, except to be shared among members of the Firm.

**W.  Client Review of Billing Statements**

Pursuant to the Northern District Guidelines, a cover letter to the Application is being sent to the Committee concurrently with the filing of this Application. The letter invites the Committee to discuss with the Firm and/or the Office of the United States Trustee any objections, concerns, or questions the Committee may have with regard to the requested compensation and reimbursement set forth in the Application. A copy of the transmittal letter is attached hereto as **Exhibit D**.

X.  **Notice of Application and Hearing**

PSZ&J has noticed a hearing on this Application.

## III.

## THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED BASED UPON APPLICABLE LAW

The fees and expenses requested by this Application are an appropriate award for PSZ&J's services in acting as counsel to the Committee, especially when compared to the fees charged to the Debtor.

A.  **Evaluation of Requests for Compensation**

Pursuant to Bankruptcy Code section 330, the Court may award to a professional person reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred. Pursuant to Bankruptcy Code section 331, the Court may award interim compensation and reimbursement to a professional. As set forth above, the fees for which the Firm requests compensation and the costs incurred for which the Firm requests reimbursement are for actual and necessary services rendered and costs incurred.

In determining the amount of allowable fees under Bankruptcy Code section 330(a), courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." *Burgess v. Klenske* (*In re Manoa Finance Co., Inc.*), 853 F.2d 687, 691 (9th Cir. 1988).

In assessing the propriety of an award of attorneys' fees, twelve factors relevant to determining such fees were identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), a Title VII class action case under the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., and *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976): (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the service properly, (4) the preclusion of other employment by the professional due to acceptance of the case, (5) the customary fee, (6) whether fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the professionals, (10) the

undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See American Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of America*), 544 F.2d 1291 (5th Cir. 1977) (*Johnson* criteria applicable in bankruptcy cases.).

The time for which compensation is sought is detailed in the Firm's professional fee statements contained in the exhibits hereto. PSZ&J's services and time expenditures are reasonable in light of the labor required in this case. The Firm's charges for its professional services are based upon the time, nature, extent, and value of such services and the cost of comparable services in the San Francisco and Los Angeles area, other than in a case under the Bankruptcy Code. The compensation the Firm seeks by way of this Application is the customary compensation sought by the Firm and other professionals representing trustees, committees, and debtors in similar circumstances.

## B. Section 330(a)(3) Factors

Bankruptcy Code section 330(a)(3) sets forth five (5) factors to be considered by the Court. 11 U.S.C. § 330 (a)(3). Although several of these factors (such as the time involved, the timeliness of PSZ&J's performance, and the complexity of the case) were addressed above, PSZ&J believes two of the five factors should be discussed separately again here.

First, Bankruptcy Code section 330(a)(3)(C) requires that the professional services be necessary to the administration of, or beneficial at the time at which the service was rendered toward completion of, the case. PSZ&J believes the facts of this case make it evident that PSZ&J's services were both necessary and beneficial. PSZ&J's efforts were essential to the organization and operations of the Committee, and, as stated above, PSZ&J provided advice, counsel and direction to the Committee to assist it with its central role of working with the Debtor.

Second, Bankruptcy Code section 330(a)(3)(E) requires the compensation to be reasonable based on customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. PSZ&J believes its attorneys are skilled and performed well in this case, and that the fees charged by PSZ&J are commensurate with the fees charged by PSZ&J's counterparts engaged in non-bankruptcy specialties of the law.

## C. Available Funds

PSZ&J understands that the Debtor has sufficient funds available for the payment of fees and costs incurred in connection with the Application.

## IV.

## CONCLUSION

The compensation presently sought by PSZ&J is interim. Neither PSZ&J, nor any shareholders or associates of the Firm, have any agreement or any understanding of any kind or nature to divide, pay over, or share any portion of the fees to be awarded PSZ&J with any other person or attorney, except among shareholders and associates of the Firm.

PSZ&J believes that the services rendered for which compensation is sought in this Application have been beneficial to the estate, that the costs incurred have been necessary and proper, and that the sums requested for the services rendered and the costs incurred are fair and reasonable.

WHEREFORE, PSZ&J respectfully requests that this Court (a) authorize allowance and direct payment of fees and costs, and (b) award interim compensation, as follows:

1. Allow interim compensation to the Firm in the amount of $191,537.27 inclusive of all fees and costs for the period from October 3, 2007, through April 30, 2008, consisting of $183,825.50 of fees and $7,711.77 of expenses;

2. Authorize and direct the Debtor to pay the Firm $191,537.27 which represents 100% of the fees and 100% of the costs incurred for the period from October 3, 2007, through April 30, 2008; and

3. Grant such other and further relief as may be appropriate under the circumstances.

Dated: July 28, 2008    PACHULSKI STANG ZIEHL & JONES LLP

By   */s/ John D. Fiero*
John D. Fiero
Attorneys for The Official Committee of Unsecured Creditors