SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MICHAEL H. AHRENS, Cal. Bar No. 44766
STEVEN B. SACKS Cal. Bar No. 98875
ROBERT K. SAHYAN, Cal. Bar No. 253763
ORI KATZ, Cal. Bar No. 209561
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106
Telephone:    (415) 434-9100
Facsimile:    (415) 434-3947
Email:        mahrens@sheppardmullin.com
              okatz@sheppardmullin.com
              rsahyan@sheppardmullin.com
              ssacks@sheppardmullin.com

Bankruptcy Reorganization Counsel
for Debtor and Debtor-in-Possession
The Billing Resource, dba Integretel

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re:

THE BILLING RESOURCE, dba
INTEGRETEL, a California corporation

Debtor.

Case # 07-52890 ASW

Chapter 11

**THIRD INTERIM FEE APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2008 TRHOUGH AUGUST 31, 2008.**

[No hearing unless timely objection filed]

# TABLE OF CONTENTS

I. INTRODUCTORY STATEMENT ....................................................................3

II. DESCRIPTION OF EXPERIENCE ................................................................6

III. DESCRIPTION OF SERVICES RENDERED ................................................7

IV. SUMMARY......................................................................................................11

V. DECLARATION OF PAUL J. WEBER ........................................................16


Attachment

    A    Copy of Order Approving Retention of FTI Consulting, Inc.

    B    Copy Seventh Monthly Fee Statement of FTI Consulting, Inc.

    C    Copy Eighth Monthly Fee Statement of FTI Consulting, Inc.

    D    Copy Ninth Monthly Fee Statement of FTI Consulting, Inc.

    E    Copy Tenth Monthly Fee Statement of FTI Consulting, Inc.

    F    Summary Schedule of Professionals, Hours Spent, Billing Rate, and the Total Fees

    G    Summary of Fees by Project Category and Itemized Time Records by Professional

    H    Expense Summary and Expense Detail by Professional

    I    Brief Biographical Notes of Senior Members of Engagement Team

# I.

# INTRODUCTORY STATEMENT

1. **INTRODUCTION**: SHEPPARD, MULLIN, RICHTER & HAMPTON LLP ("Sheppard"), as bankruptcy counsel to the Debtor and Debtor-in-possession the Billing Resource, dba Integretel ("the Debtor"), submits this Third Interim Fee Application on behalf of FTI Consulting, Inc ("FTI") as financial advisors to the Debtor for the Period of May 1, 2008 through August 31, 2008 (herein the "Third Interim Fee Application"). This application requests that the Court allow on an interim basis FTI's fees in the amount of $222,815.25[1] and reimbursement of expenses in the amount of $1,500.38 for the period from May 1, 2008 through and including August 31, 2008 (the "Third Interim Period").

2. **NOTICE:** A separate notice (the "Notice") regarding this Third Interim Fee Application, as well as the third interim fee application filed by certain other professionals in this Bankruptcy Case, is being served upon by required parties. The Notice provides details regarding the hearing before this Court with respect to this Third Interim Fee Application as well as the deadline and procedures for filing and serving any oppositions to the relief sought in this Third Interim Fee Application. All entities are encouraged to carefully read the Notice.

3. **RETENTION OF THE APPLICANT:** On or about October 28, 2007 the Court entered its Order approving the Debtor's retention of FTI as Financial Advisor for the Debtor. A true and correct copy of the Confirmation Order is attached as Attachment "A".

4. **CASE EVENTS:** On September 16, 2007 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its businesses and manage its properties and assets as Debtor in possession. No trustee or examiner has been appointed in the Debtor's chapter 11 case.

5. The background of the Debtor and this bankruptcy case has been set forth previously in numerous pleadings filed with the Court. FTI hereby incorporates by reference the

---

[1] Includes a voluntary reduction of 10% of fees incurred during the Third Interim Date Period.

"General Background" and the "Case Status" sections of the third interim fee application of Sheppard, which is being filed contemporaneously with this Third Interim Application and which is being noticed for hearing at the same time as this Third Interim Application.

6. **SERVICES PERFORMED:** In its role as Financial Advisor for the Debtor, FTI, in the Third Interim Period, (i) performed 358.1 hours of service and incurred fees in the amount of $247,572.50 based upon firm guidelines on hourly rates and standard billing practices and (ii) incurred expenses in the amount of $1,500.38. The Applicant has voluntarily written of a total of $24,757.25 in fees for the period covered by this Application, and seeks final approval of compensation totaling $224,315.63 which represents $222,815.25 in fees and $1,500.38 in expenses.

7. **PRIOR COMPENSATION:** Prior to the Application Date the Applicant has received $546,025.48 for compensation equal to 100% of fees and 100% of expenses for the First and Second Interim Fee Application period through April 30, 2008. No compensation has been received for fees or expenses incurred during this Third Interim period.

7. FTI has attached the following attachments in support of its Third Interim and Final Post-Effective Application:

   a. Attachment "A" - A copy of the Order Confirming Debtor's Application Authorizing The Employment and Retention of FTI Consulting, Inc. as Financial Advisors;

   b. Attachment "B" - A copy of the Seventh Itemized Monthly Statement of FTI Consulting, Inc. Requesting Interim Compensation and Reimbursement of Expenses for the Period May 1, 2008 – May 31, 2008.

   c. Attachment "C" - A copy of the Eighth Itemized Monthly Statement of FTI Consulting, Inc. Requesting Interim Compensation and Reimbursement of Expenses for the Period June 1, 2008 – June 30, 2008.

d. Attachment "D" - A copy of the Ninth Itemized Monthly Statement of FTI Consulting, Inc. Requesting Interim Compensation and Reimbursement of Expenses for the Period July 1, 2008 – July 31, 2008.

e. Attachment "E" - A copy of the Tenth Itemized Monthly Statement of FTI Consulting, Inc. Requesting Interim Compensation and Reimbursement of Expenses for the Period August 1, 2008 – August 31, 2008.

f. Attachment "F" – A summary schedule showing the professionals who performed the services, the number of hours spent, the respective professional's billing rate, and the total fees for such services;

g. Attachment "G" – A Summary of Fees by Project Category and itemized time records, in chronological order, of each specific service for which an award of compensation is sought. The itemized record includes: (1) the date each service was rendered, (2) the professional(s) who performed the service, (3) a description of the services rendered, and (4) the time spent performing the service in increments of tenths of an hour for the Third Interim Application Period;

h. Attachment "H" – An Expense Summary and Expense Detail report by individual and itemized total expenses for which reimbursement is sought. All expenses for which reimbursements are sought are disclosed in detail by the individual. FTI has not requested reimbursement for certain out-of-pocket expenses when it would not be possible to assemble the billing details for reimbursement under this Court's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees ("The Guidelines"). These unbilled out-of-pocket expenses typically include telephone charges for calls placed in its offices and copying and facsimile charges incurred at the Applicant's offices in connection with these cases. These unbilled out-of-pocket expenses are real costs that have been incurred by FTI and have benefited the Estate;

i. Attachment "I" –Brief Biographical Notes of Senior Members of the Engagement Team.

5

## II.

## DESCRIPTION OF EXPERIENCE

1. FTI Consulting, Inc. is a multi-disciplined consulting firm with leading practices in financial restructuring and litigation support services. FTI Consulting, Inc. serves its clients from twenty (20) offices throughout the United States.

2. FTI's Corporate Finance practice has extensive experience in financial reorganizations, bankruptcy and litigation consulting services. Our professionals have provided services to a wide variety of industries, and as a result, FTI has accumulated a wealth of knowledge concerning the intricacies of these matters. Our client list comprises many of the Global 1000, as well as the majority of the largest 25 banks and the top 100 law firms in the world.

3. In bankruptcy and forensic accounting, FTI has accumulated over twenty years of experience servicing Debtors, Creditors, and Trustees in bankruptcy matters. Current and former Chapter 11 cases in which the San Francisco office of the FTI Corporate Finance practice has acted as a financial advisor to either the Debtor, the Creditors' Committee, or the Trustee include: Quokka Sports, Inc., Track 'n Trail, Inc., Pacific Gas and Electric Company, OmniSky Corporation, Metricom, Inc., HealthCentral.com, U.S. Wireless Corporation, the Estate of Brobeck, Phleger and Harrison LLP, iBeam Corporation, Golden Northwest Aluminum, Kaiser Aluminum, and Silicon Graphics, amongst others.

4. In addition, FTI has assisted numerous Debtor and Debtor-in-Possession entities involving liquidation of bankruptcy estates, successful development of reorganization plans, numerous valuation projects, and other services related to reorganization.

# III.

# SUMMARY AND DESCRIPTION OF SERVICES RENDERED TO THE DEBTOR

1. During the Third Interim Period, the Applicant assisted the Debtors in the following categories of service:

| Category | Task Code | Hours | Fees |
|---|---|---|---|
| 1 | Claims Analysis | 22.4 | $7,547.00 |
| 2 | CRO Duties | 311.7 | $222,865.50 |
| 3 | General Operations | 11.1 | $7,936.50 |
| 4 | Monthly Operating Reports | 3.2 | $2,288.00 |
| 5 | Plan Financials | 9.7 | $6,935.50 |
| | Voluntary Reduction | | ($24,757.25) |
| | Total Net Fees | | $222,815.25 |

2. The services rendered by the Applicant during the Third Interim Period can be grouped into the categories as summarized in the chart above and described in greater detail below. A more detailed analysis by task and by professional who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category, are detailed in Attachment "H".

**Category 1: Claims Analysis ($7,547.00, 22.4 hours).**

3. Services rendered by FTI Professionals listed in this category were as follows:

   a. Assisted the Debtor's management in reviewing filed creditor claims and supporting documentation. FTI guided the Debtor in performing a preliminary analysis and reconciliation of the claims.

   b. FTI supported Debtor's counsel in its response to various creditor objections.

7

**Category 2: CRO Duties ($222,865.50, 311.7 hours).**

4. Services rendered by Paul Weber listed in this category were as follows:

   a. Assisted the Debtor's management in assessment of the valuation of the Debtor's assets and preparation of a liquidation analysis. This consisted of Mr. Weber assisting in creating term sheets and sale structures and procedures for potential bidders.

   b. Mr. Weber attended meetings and assisted in discussions with potential bidders, negotiated terms and agreements, assisted in due diligence matters.

   c. Mr. Weber provided guidance in the sale process and mediated between the Debtor, potential buyers and the Unsecured Creditor's Committee.

**Category 3: General Operations ($7,936.50, 11.1 hours).**

5. Services rendered by FTI professionals listed in this category were as follows:

   a. FTI professionals provided support to the Debtor for the accounting and finance operations. This entailed assisting the Debtor's accountants / bookkeepers of the appropriate journal entries and adjustments to record in the general ledger for certain accounts. Also, FTI assisted the Debtor with the month-end closing issues.

   b. FTI professionals provided guidance in its review of certain revenue, cost of revenue, and operating expense accounts.

   c. FTI professionals reviewed and provided guidance in its review of inter-company accounts and post-petition treatment.

   d. FTI professionals assisted the Debtor in the preparation of responses and the corresponding supporting documentation in regards to inquiries from the Creditor Committee and the US Trustee.

**Category 4: Monthly Operating Reports ($2,288.00, 3.2 hours).**

6. Services rendered by FTI professionals listed in this category were as follows:

a. FTI assisted the Debtor with preparation of and review of the Monthly Operating Reports to be filed with the US Trustee office on a monthly basis for the months of April 2008 and May 2008.
b. FTI professionals participated in meetings and teleconferences with the Debtor and the Debtor's accountants / bookkeepers to ensure that accounting treatment were recorded according to bankruptcy guidelines.
c. FTI assisted the Company with reviewing bank statements and cash transactions to create monthly cash flow statements; pre-petition and post-petition accounts.

**Category 5: Plan Financials ($6,935.50, 9.7 hours).**

7. Services rendered by FTI professionals listed in this category were as follows:
   a. FTI professionals participated in meetings and teleconferences with the Debtor and counsel to understand the requirements of the plan financials and the go-forward operational issues.
   b. FTI assisted the Debtor in creating a 12 month financial projection in support of the Plan of Reorganization, including an income statement and operating cash flows of the Reorganized Debtor.
   c. FTI reviewed the methodology and timing of cash flow of the plan financials with the Debtor.
   d. FTI professionals reviewed the revenue, headcount, cost of revenue, and operating expense assumptions with the Debtor and performed comparisons with the historical figures to ensure reasonableness.
   e. FTI assisted the Debtor in its preparation of a liquidation analysis in support of the Plan; including operating budgets, estimated claims payout, client settlement projections, and others.

## IV.

## SUMMARY

1. FTI has compiled its fees and expenses and prepared this application in conformance with The Guidelines.

2. Attached hereto as Attachment "F" is a summary schedule showing the names of all professionals who rendered services during the Third Interim Period, and the hourly rate and total hours charged by each professional.

3. Attached hereto as Attachment "G" is a detailed description of time expended by FTI professionals for each project category during the Third Interim Period.

4. Attached hereto as Attachment "H" is a detailed description of actual out-of-pocket expenses incurred by FTI professionals during the Third Interim Period.

5. Attached as Attachment "I" are descriptions of the Qualifications of Professionals with significant hours in this matter.

6. In rendering these services, FTI made every effort to maximize the benefit to the Debtor and to work with other professionals employed in these cases to avoid duplication of effort. The level of services rendered by FTI to achieve the results obtained for the benefit of the Debtor was reasonable in light of the number and complexity of the issues involved in this case. FTI judiciously allocated responsibilities to minimize possible duplication of efforts.

7. Other than as provided in Section 504(b) of the Bankruptcy Code, FTI has not shared, nor agreed to share, any compensation received as a result of this case with any person, firm or entity. No promises concerning compensation have been made to FTI by any firm, person or entity. The sole and exclusive source of compensation shall be funds of the Estate.

8. FTI asserts that the compensation requested above is reasonable compensation for the actual and necessary services rendered based upon the time, nature and value of such services. The Applicant further asserts that the cost of services rendered is comparable to the cost of similar services in matters other than under the Bankruptcy Code.

1  THEREFORE, FTI respectfully requests that the Court enter an Order granting third interim
2  allowance of $222,815.25 of fees for services rendered and of $1,500.38 for reasonable actual
3  and necessary expenses incurred in the administration of the Debtor's case during the period
   May 1, 2008 through and including August 31, 2008.
4
5  //
6  //
7  //

Dated: October 17, 2008

Respectfully submitted,

FTI CONSULTING, INC.

By _____
PAUL J. WEBER
Senior Managing Director
FTI Consulting, Inc.


SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
ROBERT K. SAHYAN
MICHAEL H. AHRENS
STEVE B. SACKS
Attorneys for Debtor The Billing Resource, dba Integretel