1  John D. Fiero (CA Bar No. 136557)
   Maxim B. Litvak (CA Bar No. 215852)
2  PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
3  San Francisco, California  94111-4500
   Telephone: 415/263-7000
4  Facsimile:  415/263-7010

5  Attorneys for The Official Committee of Unsecured Creditors

6  Michael H. Ahrens (CA Bar No. 44766)
   Steven B. Sacks (CA Bar No. 98875)
7  Ori Katz (CA Bar No. 209561)
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
8  A Limited Liability Partnership
   Including Professional Corporations
9  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111-4106
10 Telephone: 415.434.9100
   Facsimile: 415.434.3947

11
   Attorneys for Debtor and Debtor-in-Possession
12 Old T.B.R., Incorporated, f/k/a The Billing Resource, dba Integretel

13              **UNITED STATES BANKRUPTCY COURT**

14              **NORTHERN DISTRICT OF CALIFORNIA**

15                    **SAN JOSE DIVISION**

16 In re                              | Case No.: 07-52890 ASW

17 OLD T.B.R., INCORPORATED, f/k/a THE   | Chapter 11
   BILLING RESOURCE, dba INTEGRETEL,

18                                     | **THIRD AMENDED JOINT CHAPTER
                Debtor                 | 11 PLAN OF REORGANIZATION**

19

20                                     | Date:      September 1, 2009
                                       | Time:      10:00 A.M.
21                                     | Place:     United States Bankruptcy Court
                                       |            280 South First Street
22                                     |            San Francisco, CA
                                       | Judge:     Hon. Arthur S. Weissbrodt
23                                     | Ctrm:      3020

24

25

26

27

28

# Table of Contents

**Page**

Article I - DEFINITIONS ...................................................................................................... 1

    1.1    Scope of Definitions ..................................................................................... 1
    1.2    "Accrued" ..................................................................................................... 1
    1.3    "Administrative Claim" ................................................................................. 1
    1.4    "Administrative Claim Bar Date" ................................................................. 1
    1.5    "Allowed Claim" or "Allowed [    ] Claim" .......................................... 2
    1.6    "Avoidance Actions" ..................................................................................... 2
    1.7    "Ballot" ......................................................................................................... 2
    1.8    "Bankruptcy Code" ....................................................................................... 3
    1.9    "Bankruptcy Court" ....................................................................................... 3
    1.10    "Bankruptcy Rules" ..................................................................................... 3
    1.11    "Bar Date" ................................................................................................... 3
    1.12    "Business Day" ............................................................................................ 3
    1.13    "Cash" .......................................................................................................... 3
    1.14    "Chapter 11 Case" ....................................................................................... 3
    1.15    "CIT" ............................................................................................................ 3
    1.16    "Claim" ......................................................................................................... 3
    1.17    "Class" ......................................................................................................... 3
    1.18    "Committee" ................................................................................................. 3
    1.19    "Confirmation" .............................................................................................. 4
    1.20    "Confirmation Date" ..................................................................................... 4
    1.21    "Confirmation Hearing" ............................................................................... 4
    1.22    "Confirmation Order" ................................................................................... 4
    1.23    "Creditor" ..................................................................................................... 4
    1.24    "Debtor" ....................................................................................................... 4
    1.25    "Debtor-in-Possession" ............................................................................... 4
    1.26    "Deficiency Claim" ....................................................................................... 4
    1.27    "Discharge Injunction" ................................................................................. 4
    1.28    "Disclosure Statement" ............................................................................... 4
    1.29    "Disputed Claim" or "Disputed [ ] Claim" ................................................... 4
    1.30    "Effective Date" ........................................................................................... 5
    1.31    "Entity" ......................................................................................................... 5
    1.32    "Estate" ........................................................................................................ 5
    1.33    "Estate Cash" .............................................................................................. 5
    1.34    "Estate Proceeds Account" ......................................................................... 5
    1.35    "Fee Claim" .................................................................................................. 5
    1.36    "Fee Claim Bar Date" .................................................................................. 5
    1.37    "File", "Filed", or "Filing" ............................................................................. 5
    1.38    "Final Order" ................................................................................................ 5
    1.39    "General Unsecured Claim" ......................................................................... 5
    1.40    "Impaired" .................................................................................................... 6
    1.41    "ICS Royalty" .............................................................................................. 6
    1.42    "Interest" ...................................................................................................... 6
    1.43    "IS 900" ....................................................................................................... 6
    1.44    "LEC Receipts" ............................................................................................ 6
    1.45    "Lien" ........................................................................................................... 6
    1.46    "Liquidating Trustee" ................................................................................... 6
    1.47    "Liquidating Trust Agreement" .................................................................... 6
    1.48    "Net Avoidance Actions Proceeds" ............................................................. 6
    1.49    "Network Telephone" ................................................................................... 7
    1.50    "Other Priority Claim" ................................................................................... 7

# Table of Contents

1.51 "PaymentOne" ................................................................................................... 7
1.52 "P1 Equity" ..................................................................................................... 7
1.53 "P1 Debt" ........................................................................................................ 7
1.54 "P1 Pre-Petition Transfers" ............................................................................ 7
1.55 "P1 Post-Petition Payments" .......................................................................... 7
1.56 "PCS" ............................................................................................................. 7
1.57 "Person" ......................................................................................................... 7
1.58 "Petition Date" ............................................................................................... 7
1.59 "Plan" ............................................................................................................. 7
1.60 "Plan Expenses" ............................................................................................. 7
1.61 "Plan Supplement" ......................................................................................... 8
1.62 "Priority Tax Claim" ...................................................................................... 8
1.63 "Proceeds" ...................................................................................................... 8
1.64 "Professionals" ............................................................................................... 8
1.65 "Property" ....................................................................................................... 8
1.66 "Pro Rata" ...................................................................................................... 8
1.67 "Reserved Claims Pool" ................................................................................. 8
1.68 "Reserved Claims Pool Account" ................................................................... 9
1.69 "Schedules" .................................................................................................... 9
1.70 "Secured Claim" ............................................................................................. 9
1.71 "Tax Refunds" ................................................................................................ 9
1.72 "Unimpaired" .................................................................................................. 9

Article II - METHOD OF CLASSIFICATION OF CLAIMS AND INTERESTS AND GENERAL PROVISIONS ............................................................................................................. 9

2.1 General Rules of Classification. ...................................................................... 9
2.2 Administrative Claims, Priority Tax Claims and Fee Claims. ....................... 10
2.3 Bar Date for Administrative Claims ............................................................... 10
2.4 Bar Date for Fee Claims. ................................................................................ 10
2.5 Bar Date for All Other Claims. ...................................................................... 11

CLASSIFICATION OF CLAIMS AND INTERESTS ................................................ 11

2.6 Class 1 Claims shall consist of all Other Priority Claims. ............................ 11
2.7 Class 2 Claims shall consist of the Secured Claim of PaymentOne. ............. 11
2.8 Class 3 Claims shall consist of the Secured Claim of PCS. .......................... 11
2.9 Class 4 Claims shall consist of the Secured Claim of Personal Voice. .......... 11
2.10 Class 5 Claims shall consist of the Secured Claim of Network Telephone. ... 11
2.11 Class 6 Claims shall consist of the Secured Claim of CIT. ........................... 11
2.12 Class 7 Claims shall consist of the Secured Claim of Highline. .................... 11
2.13 Class 8 Claims shall consist of the Secured Claim of Iron Mountain Information, Inc ...... 11
2.14 Class 9 Claims shall consist of the Secured Claim of Omni d/b/a POL, Inc. ("POL"). ...... 11
2.15 Class 10 Claims shall consist of the Secured Claim of Southwestern Bell. ......................... 11
2.16 Class 11 Claims shall consist of the Secured Claim of
       BellSouth Telecommunications, Inc. ............................................................. 11
2.17 Class 12 Claims shall consist of the Secured Claim of Verizon. ................... 11
2.18 Class 13 Claims shall consist of the Secured Claim of Mytelebill. ............... 11
2.19 Class 14 Claims shall consist of the Secured Claim of Bealls Communications. Group. .. 11
2.20 Class 15 Claims shall consist of General Unsecured Claims. ....................... 11
2.21 Class 16 Claims shall consist of Preferred Stockholders. ............................. 11
2.22 Class 17 Claims shall consist of Class A Common Stockholders. ................. 11
2.23 Class 18 Claims shall consist of Class B Common Stockholders. ................. 12

# Table of Contents

**Page**

Article III - TREATMENT OF ADMINISTRATIVE CLAIMS, FEES CLAIMS, PRIORITY TAX CLAIMS, AND UNIMPAIRED CLASSES.................................................................. 12

3.1   Administrative Claims.......................................................................................... 12
3.2   Priority Tax Claims............................................................................................. 12
3.3   Fee Claims........................................................................................................... 13
3.4   Class 1 – Other Priority Claims.......................................................................... 13
3.5   Class 2 – Secured Claim of PaymentOne............................................................ 13
3.6   Class 3 – Secured Claim of PCS.......................................................................... 13
3.7   Class 4 – Secured Claim of Personal Voice......................................................... 14
3.8   Class 5 – Secured Claim of Network Telephone.................................................. 14
3.9   Class 6 – Secured Claim of CIT........................................................................... 15
3.10  Class 7 – Secured Claim of Highline.................................................................. 15
3.11  Class 8 – Secured Claim of Iron Mountain Information, Inc. ............................. 15
3.12  Class 9 – Secured Claim of POL......................................................................... 16
3.13  Class 10 – Secured Claim of Southwestern Bell.................................................. 16
3.14  Class 11 – Secured Claim of BellSouth Telecommunications, Inc. ..................... 17
3.15  Class 12 – Secured Claim of Verizon.................................................................. 17
3.16  Class 13 – Secured Claim of Mytelebill............................................................. 18
3.17  Class 14 – Secured Claim of Bealls Communications Group............................... 18

Article IV - TREATMENT OF IMPAIRED CLASSES ..................................................... 18

4.1   Class 15 – General Unsecured Claims................................................................. 18
4.2   Class 16 – Preferred Stockholders...................................................................... 19
4.3   Class 17 – Class A Common Stockholders........................................................... 19
4.4   Class 18 – Class B Common Stockholders........................................................... 19
4.5   Reservation of Rights......................................................................................... 19

Article V - MEANS FOR IMPLEMENTATION OF THE PLAN ...................................... 19

5.1   Corporate Action. .............................................................................................. 19
5.2   Rejection of Remaining Contracts...................................................................... 19
5.3   The Liquidating Trustee. .................................................................................... 20
5.4   Sources of Funds for Payment of Allowed Claims. ............................................. 21
5.5   Payment of Allowed Administrative Claims, Allowed Fee Claims, Allowed Priority Tax Claims and Allowed Class 1 Claims. ......................................................................... 21
5.6   Payment of Any Allowed Secured Claims........................................................... 21
5.7   Distributions. ..................................................................................................... 21
5.8   Liquidating Trustee's Responsibility Under Plan. ............................................. 22
5.9   Notice of Material Actions by the Liquidating Trustee. ...................................... 23
5.10  Vesting. ............................................................................................................. 23

Article VI - DISTRIBUTIONS UNDER THE PLAN ....................................................... 24

6.1   Distributions for Claims Allowed as of the Effective Date................................... 24
6.2   Disputed Claims. ............................................................................................... 24
6.3   Claims Objection Deadline. ............................................................................... 25
6.4   Settlement of Disputed Claims............................................................................ 25
6.5   Unclaimed Property............................................................................................ 26
6.6   Release of Liens. ................................................................................................ 26
6.7   Rights of Actions. .............................................................................................. 26
6.8   Allocation of Plan Distributions Between Principal and Interest. ....................... 26
6.9   Withholding Taxes. ............................................................................................ 27
6.10  Fractional Cents.................................................................................................. 27

Case 07-52890   Doc# 1099   Filed: 08/28/09   Entered: 08/28/09 15:51:14   Page 4 of
41

# Table of Contents

6.11 Payments of Less than Ten Dollars. ........................................................................ 27

Article VII - UNEXPIRED LEASES AND EXECUTORY CONTRACTS ........................... 27

7.1 Treatment of All Agreements. ............................................................................... 27
7.2 Claims for Damages. ............................................................................................. 28

Article VIII - EFFECT OF CONFIRMATION OF THE PLAN ......................................... 28

Article IX - RETENTION OF JURISDICTION ................................................................. 31

9.1 Claims. ................................................................................................................... 31
9.2 Injunction, etc. ...................................................................................................... 31
9.3 Professional Fees. ................................................................................................. 31
9.4 Certain Priority Claims. ........................................................................................ 31
9.5 Dispute Resolution. ............................................................................................... 31
9.6 Executory Contracts and Unexpired Leases. ........................................................ 32
9.7 Actions. ................................................................................................................. 32
9.8 General Matters. .................................................................................................... 32
9.9 Plan Modification. ................................................................................................. 32
9.10 Aid Consummation. ............................................................................................... 32
9.11 Protect Property. .................................................................................................... 32
9.12 Abandonment of Property. ..................................................................................... 32
9.13 Implementation of Confirmation Order. ............................................................... 32
9.14 Final Decree/Order. ............................................................................................... 33

Article X - MISCELLANEOUS PROVISIONS ................................................................. 33

10.1 Pre-Confirmation Modification. ............................................................................ 33
10.2 Post-Confirmation Immaterial Modification. ........................................................ 33
10.3 Post-Confirmation Material Modification. ............................................................ 33
10.4 Withdrawal or Revocation of the Plan. ................................................................. 33
10.5 Payment of Statutory Fees. ................................................................................... 33
10.6 Successors and Assigns. ........................................................................................ 33
10.7 Cramdown. ............................................................................................................ 34
10.8 Governing Law. ..................................................................................................... 34
10.9 Notices. ................................................................................................................. 34
10.10 Saturday, Sunday or Legal Holiday. ..................................................................... 34
10.11 Section 1145 Exemption. ...................................................................................... 34
10.12 Section 1146 Exemption. ...................................................................................... 34
10.13 Severability. .......................................................................................................... 35
10.14 Headings. ............................................................................................................... 35
10.15 Quarterly Reports to the Office of the United States Trustee. .............................. 35

Article XI - CONFIRMATION REQUEST ........................................................................ 35

**INTRODUCTION**

Old T.B.R Incorporated, formerly known as The Billing Resource, dba Integretel, a California corporation, the above-captioned debtor and debtor in possession ("Old TBR" or the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee") of the Debtor, hereby jointly propose this Chapter 11 Plan of Reorganization pursuant to section 1121 of the Bankruptcy Code. Reference is made to the Disclosure Statement for risk factors and a summary and analysis of the Plan and certain related matters. The Debtor and the Committee (together, the "Proponents") are the proponents of the Plan within the meaning of section 1129 of the Bankruptcy Code.

Subject to the restrictions on modifications set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Proponents expressly reserve the right to alter, amend or modify this Plan, one or more times, before its substantial consummation.

**ARTICLE I**

**DEFINITIONS**

1.1 **Scope of Definitions**. As used in this Plan, the following terms shall have the respective meanings specified below. Whenever the context requires, such terms shall include the plural as well as the singular, the masculine gender shall include the feminine and the feminine gender shall include the masculine.

1.2 **"Accrued"** shall mean an expense incurred but not yet billed for and/or paid.

1.3 **"Administrative Claim"** shall mean a Claim under sections 503(b) and 1114(e)(2) of the Bankruptcy Code or determined to be an Allowed Administrative Claim by a Final Order that is entitled to priority under section 507(a)(1) or 507(b) of the Bankruptcy Code, for costs or expenses of administration of the Chapter 11 Case including, without limitation, any actual and necessary expenses of operating the business of the Debtor or preserving the estate incurred after the Petition Date, and any and all fees and expenses of Professionals Filed under section 330, 331 or 503 of the Bankruptcy Code.

1.4 **"Administrative Claim Bar Date"** shall have the meaning set forth in section 2.3 of the Plan.

1.5 **"Allowed Claim" or "Allowed [    ] Claim"** shall mean: (a) any Claim, proof of which is/was Filed with the Bankruptcy Court on or before the date designated by the Bankruptcy Court as the last date(s) for Filing proofs of claim with respect to such Claim, or which has been or hereafter is scheduled by the Debtor as liquidated in amount and not disputed or contingent and which, in either case, is a Claim as to which no objection to the allowance thereof has been Filed within the applicable period of limitation (if any) for objection to Claims fixed by the Bankruptcy Court, or as to which any objection has been determined by a Final Order of the Bankruptcy Court (allowing such Claim in whole or in part); (b) a Claim that is allowed (i) in any contract, instrument, or other agreement entered into in connection with the Plan, (ii) in a Final Order, or (iii) pursuant to the terms of the Plan; (c) a request for payment of an Administrative Claim, which is made before the Administrative Claims Bar Date, or otherwise has been deemed timely asserted under applicable law, and either (i) is an Administrative Claim as to which no objection to allowance thereof has been Filed within the applicable deadline pursuant to section 2.3 of the Plan, or (ii) if an objection is interposed by the applicable deadline, then if such Administrative Claim is allowed in whole or in part by a Final Order of the Bankruptcy Court and only to the extent that such allowed portion is deemed, pursuant to a Final Order of the Bankruptcy Court, to constitute a cost or expense of administration under sections 503(b) and 507(a)(1) of the Bankruptcy Code; or (d) any Claim that pursuant to Bankruptcy section 502(c) or otherwise is estimated for distribution purposes by the Bankruptcy Court in an amount in excess of $0.00 by a Final Order.  Except as otherwise provided herein, in accordance with section 502(d) of the Bankruptcy Code, a Claim held by any party that is subject to an Avoidance Action shall not be an Allowed Claim until such time as a Final Order is entered by the Bankruptcy Court on the Avoidance Action and any judgment entered against such Creditor is satisfied.

1.6 **"Avoidance Actions"** shall mean any and all claims and causes of action of the Debtor or the Estate arising under the Bankruptcy Code under sections 544, 545, 547, 548, 549 and 550 thereof, or similar state laws such as the California Fraudulent Conveyance Act.

1.7 **"Ballot"** shall mean the form or forms that will be distributed along with the Disclosure Statement for voting on acceptance or rejection of the Plan.

1.8 **"Bankruptcy Code"** shall mean the Bankruptcy Reform Act of 1978, 11 U.S.C. sections 101, et. seq., as in effect on the Petition Date, and is amended effective as of the Petition Date.

1.9 **"Bankruptcy Court"** shall mean the United States Bankruptcy Court for the Northern District of California, or such other court as may hereafter be granted jurisdiction over the Chapter 11 Case.

1.10 **"Bankruptcy Rules"** shall mean the Federal Rules of Bankruptcy Procedure, and the local rules of the Bankruptcy Court, as in effect on the Petition Date, and as amended effective as of the Petition Date.

1.11 **"Bar Date"** shall mean January 15, 2008, which was the date set by the Bankruptcy Court as the last day to file proofs of Claim for non-governmental entities or March 20, 2008 which was the date set by the Bankruptcy Court as the last day to file proofs of Claims for governmental entities, as applicable.

1.12 **"Business Day"** shall mean any day other than a Saturday, Sunday or legal holiday as such term is defined in Bankruptcy Rule 9006.

1.13 **"Cash"** shall mean cash and cash equivalents, including, but not limited to, wire transfers, checks and other readily marketable direct obligations of the United States of America and certificates of deposit issued by banks that.

1.14 **"Chapter 11 Case"** shall mean the above-captioned chapter 11 case pending for the Debtor.

1.15 **"CIT"** shall mean CIT Technology Financing Services, Inc.

1.16 **"Claim"** shall mean a claim against the Debtor, whether or not asserted, as defined in section 101(5) of the Bankruptcy Code.

1.17 **"Class"** shall mean a category of holders of Claims or Interests, as classified pursuant to Article II of the Plan.

1.18 **"Committee"** shall mean the Official Committee of Unsecured Creditors appointed by the Office of the United States Trustee, as existing as of the Confirmation Date.

Case: 07-52890    Doc# 1099    Filed: 08/28/09    Entered: 08/28/09 15:51:14    Page 8 of
41

1.19 **"Confirmation"** shall mean the entry of the Confirmation Order on the docket of the Bankruptcy Court.

1.20 **"Confirmation Date"** shall mean the date of entry of an order of the Bankruptcy Court confirming the Plan in accordance with the provisions of the Bankruptcy Code.

1.21 **"Confirmation Hearing"** shall mean the hearing to confirm the Plan.

1.22 **"Confirmation Order"** shall mean the order of the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

1.23 **"Creditor"** shall mean any person or entity having a Claim against the Debtor, including without limitation a Claim that arose on or before the Petition Date or a Claim against the Estate of any kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code.

1.24 **"Debtor"** shall mean Old T.B.R. Incorporated, formerly known as The Billing Resource, dba Integretel, a California corporation.

1.25 **"Debtor-in-Possession"** shall mean the Debtor in the capacity, and with the status and rights, conferred by sections 1107 and 1108 of the Bankruptcy Code.

1.26 **"Deficiency Claim"** shall mean, with respect to a Claim that is a Secured Claim, the amount by which the Allowed amount of such Claim exceeds the value of the property owned or held by the Debtor that collateralizes such Claim.

1.27 **"Discharge Injunction"** shall mean that injunction granted under section 8.8 of this Plan which is effective on the Effective Date of the Plan.

1.28 **"Disclosure Statement"** shall mean the disclosure statement respecting the Plan, as approved by the Bankruptcy Court as containing adequate information in accordance with section 1125 of the Bankruptcy Code, all exhibits and annexes thereto and any amendments or modifications thereof.

1.29 **"Disputed Claim"** or **"Disputed [   ] Claim"** shall mean any Claim, including any Administrative Claim, which has not become an Allowed Claim pursuant to the Plan or a Final Order.

1.30 **"Effective Date"** shall mean that date which is the Business Day designated as such by the Proponents in their sole discretion, provided the Effective Date may only occur on or after entry of a Final Order.

1.31 **"Entity"** shall have the meaning set forth in section 101(15) of the Bankruptcy Code.

1.32 **"Estate"** shall mean estate of the Debtor.

1.33 **"Estate Cash"** shall mean cash and cash equivalents, including, but not limited to, wire transfers, checks and other readily marketable direct obligations of the United States of America and certificates of deposit issued by banks that are property of the Debtor's bankruptcy estate.

1.34 **"Estate Proceeds Account"** shall mean the bank account established by the Liquidating Trustee into which all Estate Cash shall be deposited.

1.35 **"Fee Claim"** shall mean a claim under section 328, 330(a), 503 or 1103 of the Bankruptcy Code for the compensation of a Professional for services rendered or reimbursement of expenses incurred in the Chapter 11 Case on or prior to the Effective Date (including expenses of the members of the Committee).

1.36 **"Fee Claim Bar Date"** shall have the meaning set forth in section 2.4 of the Plan.

1.37 **"File", "Filed", or "Filing"** shall mean file, filed or filing with the United States Bankruptcy Court for the Northern District of California, San Jose Division.

1.38 **"Final Order"** shall mean an order entered by the Bankruptcy Court or any other court exercising jurisdiction over the subject matter and the parties, as to which either of the following have occurred: (i) no appeal, certiorari proceeding or other review reconsideration or rehearing has been requested or is still pending, and the time for filing a notice of appeal or petition for certiorari or further review, reconsideration or rehearing has expired; or (ii) if an appeal has been filed as to such order, no stay of the effectiveness of such order has been issued by a court of competent jurisdiction.

1.39 **"General Unsecured Claim"** shall mean any unsecured, non-priority Claim, including, without limitation, any Deficiency Claim, Indemnification Claim or claim that is asserted

Case: 07-53890    Doc# 1099    Filed: 08/28/09    Entered: 08/28/09 15:51:14    Page 10 of 41

by the Receiver or the FTC, that is not an Administrative Claim, Priority Tax Claim, Other Priority Claim or a Fee Claim.

1.40 **"Impaired"** shall have the meaning ascribed to such term in section 1124 of the Bankruptcy Code.

1.41 **"ICS Royalty"** shall mean that certain set of royalty payments due on account of the Debtor's sale of its equity interest in Inmate Calling Solutions, LLC, a California limited liability company during the Chapter 11 Case.

1.42 **"Interest"** shall mean, with respect to the Debtor, any equity security or any other security or agreement granting rights to convert to, purchase, hold or own any equity security in Debtor as defined in section 101(16) of the Bankruptcy Code.

1.43 **"IS 900"** shall mean Information Services 900 LLC, a California limited liability company.

1.44 **"LEC Receipts"** means all post-petition accounts receivable (other than reserves) accrued at or before the closing of the Debtor's sale of its operating assets during the Chapter 11 Case arising from the Debtor's agreements with Local Exchange Carriers, including but not limited to LEC holdbacks arising from transactions entered into during the Chapter 11 Case.

1.45 **"Lien"** shall mean a valid and enforceable lien, mortgage, security interest, pledge, charge, encumbrance, or other legally cognizable security device of any kind.

1.46 **"Liquidating Trustee"** shall mean Kerry Krisher of GlassRatner Advisory & Capital Group LLC, or any substitute or replacement of the Liquidating Trustee, who shall have the rights, powers, duties and obligations set forth in the Plan, the Liquidating Trust Agreement, and the Confirmation Order.

1.47 **"Liquidating Trust Agreement"** shall mean that certain Old T.B.R. Incorporated Liquidating Trust Agreement, effective as of the Effective Date, substantially in the form attached to the Plan Supplement, as it may be modified from time to time.

1.48 **"Net Avoidance Actions Proceeds"** shall mean any and all proceeds received by the Liquidating Trustee after the Effective Date from Avoidance Actions, less all legal fees, costs and

THIRD AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION

09485-001\DOCS_SF:66413.7

6

DOCS_SF:97060.2

Case 07-52890    Doc# 1099    Filed: 08/28/09    Entered: 08/28/09 15:51:14    Page 11
of 41

other related expenses incurred in pursuing the Avoidance Actions and obtaining proceeds from the Avoidance Actions.

1.49 **"Network Telephone"** shall mean Network Telephone Services, Inc.

1.50 **"Other Priority Claim"** shall mean any Claim against the Debtor other than an Administrative Claim, Fee Claim or Priority Tax Claim entitled to priority in payment under section 507(a) of the Bankruptcy Code.

1.51 **"PaymentOne"** shall mean PaymentOne Corporation, a Delaware corporation.

1.52 **"P1 Equity"** shall mean 97.7% of the equity interests in PaymentOne on a non-diluted basis.

1.53 **"P1 Debt"** shall mean those certain loans and extensions of credit to the Debtor, incurred prior to the Chapter 11 Case, for an alleged aggregate principal amount of approximately $12,800,000.

1.54 **"P1 Pre-Petition Transfers"** shall mean the cash payments and other transfers of property rights to P1 made by the Debtor in the one year prior to the filing of the Chapter 11 Case.

1.55 **"P1 Post-Petition Payments"** shall mean approximately $4.1 million in cash payments to P1 on account of debt incurred by the Debtor prior to the filing of the Chapter 11 Case as adequate protection under certain cash collateral stipulations and cash collateral orders, with a reservation of rights.

1.56 **"PCS"** shall mean Public Communications Services, Inc.

1.57 **"Person"** shall have the meaning ascribed to such term in section 101(41) of the Bankruptcy Code.

1.58 **"Petition Date"** shall mean September 16, 2007, the date upon which the Debtor filed its petition under Chapter 11 of the Bankruptcy Code, commencing the Chapter 11 Case.

1.59 **"Plan"** shall mean this Joint Chapter 11 Plan of Reorganization, all exhibits hereto and any amendments or modifications hereof, all as supplemented by the Plan Supplement.

1.60 **"Plan Expenses"** shall mean all actual and necessary costs and expenses incurred after the Effective Date in connection with the administration of the Plan, including, but not limited to, (i) costs, expenses and legal fees incurred related to filing and prosecuting objections to Claims

incurred by the Liquidating Trustee, (ii) the costs, expenses and legal fees incurred to litigate, estimate and settle the Avoidance Actions, including, but not limited to, attorneys' fees, accounting fees, expert witness fees, and all costs relating to obtaining and distributing such recoveries, incurred by the Liquidating Trustee, and (iii) all fees payable pursuant to section 1930 of Title 28 of the United States Code.

1.61 **"Plan Supplement"** shall mean the supplemental appendix filed with the Bankruptcy Court at least ten (10) days prior to the Confirmation Hearing that may contain, among other things, the general form of the following documents: the Liquidating Trust Agreement.

1.62 **"Priority Tax Claim"** shall mean any Claim for taxes against the Debtor entitled to priority in payment pursuant to section 507(a)(8) of the Bankruptcy Code.

1.63 **"Proceeds"** shall mean the Cash received from the sale, transfer, or collection of Property or the conversion of such Property to Cash in some other manner, whether received before or after the Effective Date.

1.64 **"Professionals"** shall mean those Persons (i) employed pursuant to an order of the Bankruptcy Court in accordance with sections 327 and 1103 of the Bankruptcy Code and to be compensated for services rendered to the Debtor or the Committee prior to the Effective Date, pursuant to sections 327, 328, 329, 330 and 331 of the Bankruptcy Code, or (ii) for which compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

1.65 **"Property"** means all property of the Debtor's Estate of any nature whatsoever, real or personal, tangible or intangible, previously or now owned by the Debtor, or acquired by the Debtor's Estate, as defined in section 541 of the Bankruptcy Code.

1.66 **"Pro Rata"** means, as of any distribution date, with respect to any Allowed Claim in any Class, the proportion that such Allowed Claim bears to the aggregate amount of all Allowed Claims and Disputed Claims, without duplication, in such Class.

1.67 **"Reserved Claims Pool"** shall mean the amounts which shall be funded on or after the Effective Date pursuant to Section 5.7 of this Plan for the purpose of holding as reserves the

amounts of Administrative Claims, Priority Tax Claims, and Class 1 Priority Claims which have not become Allowed Claims.

1.68 **"Reserved Claims Pool Account"** shall mean the bank account established by the Liquidating Trust into which the Liquidating Trustee shall deposit amounts which constitute the Reserved Claims Pool.

1.69 **"Schedules"** shall mean the Debtor's Schedules of Assets and Liabilities Filed pursuant to Bankruptcy Rule 1007 as they may be amended from time to time.

1.70 **"Secured Claim"** shall mean all or a portion of a Claim existing on the Petition Date, as finally Allowed and approved by the Bankruptcy Court, to the extent that such claim is not greater than the value of the Property securing such Secured Claim.

1.71 **"Tax Refunds"** shall mean any tax refunds based upon taxes paid by the Debtor prior to the Petition Date.

1.72 **"Unimpaired"** shall mean any Claim that is not Impaired within the meaning of section 1124 of the Bankruptcy Code.

All terms not expressly defined herein shall have the respective meanings given to such terms in section 101 of the Bankruptcy Code or as otherwise defined in applicable provisions of the Bankruptcy Code.

Unless otherwise specified herein, any reference to an Entity as a holder of a Claim or Interest includes that Entity's successors, assigns and affiliates pursuant to Bankruptcy Rule 3001(c).

The rules of construction set forth in section 102 of the Bankruptcy Code shall apply.

In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

## ARTICLE II

## METHOD OF CLASSIFICATION OF CLAIMS

## AND INTERESTS AND GENERAL PROVISIONS

2.1 <u>General Rules of Classification</u>. Generally, a Claim is classified in a particular Class for voting and distribution purposes only to the extent the Claim qualifies within the description of that Class, and is classified in another Class or Classes to the extent any remainder of the Claim

qualifies within the description of such other Class or Classes. Unless otherwise provided, to the extent a Claim qualifies for inclusion in a more specifically defined Class and a more generally-defined Class, it shall be included in the more specifically defined Class.

2.2 <u>Administrative Claims, Priority Tax Claims and Fee Claims</u>. Administrative Claims, Priority Tax Claims and Fee Claims have not been classified and are excluded from the Classes set forth below in accordance with section 1123(a)(1) of the Bankruptcy Code.

2.3 <u>Bar Date for Administrative Claims</u>. Unless otherwise ordered by the Bankruptcy Court, requests for payment of Administrative Claims (except for Fee Claims) must be Filed and served on the Liquidating Trustee, and her counsel, no later than twenty (20) days after the Effective Date (the "Administrative Claim Bar Date"). Any Entity that is required to File and serve upon the Liquidating Trustee (and her counsel) a request for payment of an Administrative Claim and fails to timely File and serve such request, shall be forever barred, estopped and enjoined from asserting such Claim or participating in distributions under the Plan on account thereof. Objections to requests for payment of Administrative Claims (except for Fee Claims) must be Filed and served on the Liquidating Trustee and her counsel, and the party requesting payment of an Administrative Claim within thirty (30) days after the Filing of such request for payment. Nothing herein shall preclude the Liquidating Trustee from paying any Administrative Claims in the normal course of business.

2.4 <u>Bar Date for Fee Claims</u>. Unless otherwise ordered by the Bankruptcy Court, requests for payment of Fee Claims incurred through the Effective Date, must be Filed and served on the Liquidating Trustee, and her counsel no later than thirty (30) days after the Effective Date (the "Fee Claim Bar Date"). Any Professional that is required to File and serve a request for payment of a Fee Claim and fails to timely File and serve such request, shall be forever barred, estopped and enjoined from asserting such Fee Claim or participating in distributions under the Plan on account thereof. Objections to Fee Claims must be filed and served on the Liquidating Trustee, and her counsel, and the requesting party within twenty (20) days after the Filing of the applicable request for payment of the Fee Claim.

2.5     Bar Date for All Other Claims.  The Bar Date was and remains the last date for Filing any Claim other than:  (i) an Administrative Claim; (ii) a Fee Claim; (iii) a claim pursuant to Bankruptcy Rule 3002(c)(3); or (iv) a claim pursuant to Bankruptcy Rule 3002(c)(4).  Except for those specific types of claims listed as items (i) – (iv) of the immediately preceding sentence, any Entity that fails to File a proof of Claim by no later than the Bar Date shall be forever barred, estopped and enjoined from asserting such Claim or participating in distributions under the Plan on account thereof.

## CLASSIFICATION OF CLAIMS AND INTERESTS

The following is the designation of the Classes of Claims and Interests under the Plan:

2.6     Class 1 Claims shall consist of all Other Priority Claims.

2.7     Class 2 Claims shall consist of the Secured Claim of PaymentOne.

2.8     Class 3 Claims shall consist of the Secured Claim of PCS.

2.9     Class 4 Claims shall consist of the Secured Claim of Personal Voice.

2.10    Class 5 Claims shall consist of the Secured Claim of Network Telephone.

2.11    Class 6 Claims shall consist of the Secured Claim of CIT.

2.12    Class 7 Claims shall consist of the Secured Claim of Highline.

2.13    Class 8 Claims shall consist of the Secured Claim of Iron Mountain Information, Inc.

2.14    Class 9 Claims shall consist of the Secured Claim of Omni d/b/a POL, Inc. ("POL").

2.15    Class 10 Claims shall consist of the Secured Claim of Southwestern Bell.

2.16    Class 11 Claims shall consist of the Secured Claim of BellSouth Telecommunications, Inc.

2.17    Class 12 Claims shall consist of the Secured Claim of Verizon.

2.18    Class 13 Claims shall consist of the Secured Claim of Mytelebill.

2.19    Class 14 Claims shall consist of the Secured Claim of Bealls Communications. Group.

2.20    Class 15 Claims shall consist of General Unsecured Claims.

2.21    Class 16 Claims shall consist of Preferred Stockholders.

2.22    Class 17 Claims shall consist of Class A Common Stockholders.

THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

2.23    Class 18 Claims shall consist of Class B Common Stockholders.

## ARTICLE III

### TREATMENT OF ADMINISTRATIVE CLAIMS,

### FEES CLAIMS, PRIORITY TAX CLAIMS, AND UNIMPAIRED CLASSES

3.1    <u>Administrative Claims</u>.

Administrative Claims that are Allowed Administrative Claims as of the Effective Date shall be paid in full, in cash, on the Effective Date.  All other Administrative Claims that become Allowed Claims after the Effective Date shall be paid in full, in cash, as soon as practicable after such Administrative Claim is Allowed.  In either case, an Allowed Administrative Claim may be paid (a) upon such other terms as may be agreed upon by the holder of such Allowed Administrative Claim and the Liquidating Trustee, or (b) such lesser amount as the holder of such Allowed Administrative Claim and the Committee and the Debtor prior to the Effective Date (or the Liquidating Trustee following the Effective Date) might otherwise agree.  No filed Administrative Claim shall be deemed an Allowed Administrative Claim until the 30-day objection period set forth in Section 2.3 has passed without any objection having been filed.  The Liquidating Trustee shall have the right, the seek from the Court an estimation of any Administative Claim that has not yet become an Allowed Administrative Claim for the purpose of reserving on account of such claim.

3.2    <u>Priority Tax Claims</u>.  Except as provided herein, each holder of an Allowed Priority Tax Claim shall be paid in respect of such Allowed Claim in the discretion of the Liquidating Trustee either (a) the full amount thereof, without post-petition interest or penalty, in Cash, as soon as practicable after the later of (i) the Effective Date and (ii) the date on which such Claim becomes an Allowed Claim or upon such other terms as may be agreed upon by the holder of such Allowed Claim, or (b) in nine equal installments with interest commencing on December 15, 2009 and continuing on April 15, August 15, and December 15 of 2010 and of each succeeding year until a final payment no later than August 15, 2012 or upon such other terms as may be agreed upon by the holder of such Allowed Claim, or (c) such lesser amount as the holder of such Allowed Priority Tax Claim and the Debtor prior to the Effective Date and the Liquidating Trustee following the Effective Date might otherwise agree.

3.3 <u>Fee Claims</u>. Each holder of an Allowed Fee Claim shall receive 100% of the unpaid amount of such Allowed Fee Claim in Cash on the Effective Date or as soon as practicable after such Fee Claim becomes an Allowed Claim. The allowance of Fee Claims shall be subject to approval by the Bankruptcy Court.

3.4 <u>Class 1 – Other Priority Claims</u>. Each holder of an Allowed Other Priority Claim shall be paid in respect of such Allowed Claim (a) the full amount thereof in Cash, as soon as practicable after the later of (i) the Effective Date and (ii) the date on which such Claim becomes an Allowed Claim, or upon such other terms as may be agreed upon by the holder of such Allowed Claim, or (b) such lesser amount as the holder of such Allowed Other Priority Claim and the Debtor prior to the Effective Date and the Liquidating Trustee following the Effective Date might otherwise agree. The holder of a Claim in this Class is not impaired and, therefore, not entitled to vote.

3.5 <u>Class 2 – Secured Claim of PaymentOne</u>. PaymentOne's prepetition Secured Claim has been assigned to the Debtor's estate and is now property of the estate pursuant to Bankruptcy Code sections 541(a)(3) and/or 541(a)(7). To the extent that the Claim of PaymentOne is a Secured Claim, the bankruptcy estate shall be entitled to PaymentOne's rights as a secured claimant and a foreclosure of such lien position shall be deemed to have occurred on the day prior to the Effective Date. The holder of the PaymentOne claim is not impaired and, therefore, not entitled to vote. As a consequence of the foreclosure sale described above, any secured creditor whose claim is junior in priority to such claim will be rendered unsecured under Bankruptcy Code section 506(a).

3.6 <u>Class 3 – Secured Claim of PCS</u>. PCS's prepetition Secured Claim shall be treated as a contingent Secured Claim in an unliquidated amount. To the extent not already paid in full prior to the Effective Date, on the Effective Date or as soon thereafter as practicable, the PCS Claim shall remain secured by a replacement lien in the same assets or proceeds thereof, if any, in which PCS had an interest prepetition. Either the Debtor or the Committee is likely to object to this claim. To the extent that the Claim of PCS is a Secured Claim, PCS shall be entitled to its rights as a secured claimant. PCS is not impaired and, therefore, not entitled to vote. To the extent that PCS is not entitled to a Secured Claim any Deficiency Claim of PCS shall be a Claim in Class 15 and, notwithstanding the immediately prior sentence, PCS shall be entitled to vote such Deficiency Claim

as a Class 15 Claim. The Plan Proponents are informed and believe that, as a consequence of the foreclosure of the secured claim position assigned by PaymentOne described above, this claim (which is believed to be junior in priority to such claim) will be rendered unsecured under Bankruptcy Code section 506(a).

3.7     <u>Class 4 – Secured Claim of Personal Voice</u>. Personal Voice's prepetition Secured Claim shall be treated as a contingent Secured Claim in an unliquidated amount. To the extent not already paid in full prior to the Effective Date, on the Effective Date or as soon thereafter as practicable, the Personal Voice Claim shall remain secured by a replacement lien in the same assets or proceeds thereof, if any, in which Personal Voice had an interest prepetition. This claim is the subject of a pending summary judgment motion in a pending adversary proceeding challenging its allegedly secured status. To the extent that the Claim of Personal Voice is a Secured Claim, Personal Voice shall be entitled to its rights as a secured claimant. Personal Voice is not impaired and, therefore, not entitled to vote. To the extent that Personal Voice is not entitled to a Secured Claim any Deficiency Claim of Personal Voice shall be a Claim in Class 15 and, notwithstanding the immediately prior sentence, Personal Voice shall be entitled to vote such Deficiency Claim as a Class 15 Claim. The Plan Proponents are informed and believe that, as a consequence of the foreclosure of the secured claim position assigned by PaymentOne described above, this claim (which is believed to be junior in priority to such claim) will be rendered unsecured under Bankruptcy Code section 506(a).

3.8     <u>Class 5 – Secured Claim of Network Telephone</u>. Network Telephone's prepetition Secured Claim shall be treated as a contingent Secured Claim in an unliquidated amount. To the extent not already paid in full prior to the Effective Date, on the Effective Date or as soon thereafter as practicable, the Network Telephone Claim shall remain secured by a replacement lien in the same assets or proceeds thereof, if any, in which Network Telephone had an interest prepetition. Either the Debtor or the Committee is likely to object to this claim. To the extent that the Claim of Network Telephone is a Secured Claim, Network Telephone shall be entitled to its rights as a secured claimant. Network Telephone is not impaired and, therefore, not entitled to vote. To the extent that Network Telephone is not entitled to a Secured Claim any Deficiency Claim of Network

Telephone shall be a Claim in Class 15 and, notwithstanding the immediately prior sentence, Network Telephone shall be entitled to vote such Deficiency Claim as a Class 15 Claim. The Plan Proponents are informed and believe that, as a consequence of the foreclosure of the secured claim position assigned by PaymentOne described above, this claim (which is believed to be junior in priority to such claim) will be rendered unsecured under Bankruptcy Code section 506(a).

3.9     Class 6 – Secured Claim of CIT.  CIT's prepetition Secured Claim shall be treated as a Secured Claim in an unliquidated amount. To the extent not already paid in full prior to the Effective Date, on the Effective Date or as soon thereafter as practicable, the CIT Claim shall remain secured by a replacement lien in the same assets or proceeds thereof, if any, in which CIT had an interest prepetition. CIT shall be entitled to its rights as a secured claimant. Either the Debtor or the Committee is likely to object to this claim. CIT is not impaired and, therefore, not entitled to vote. The Plan Proponents are informed and believe that, as a consequence of the foreclosure of the secured claim position assigned by PaymentOne described above, this claim (which is believed to be junior in priority to such claim) will be rendered unsecured under Bankruptcy Code section 506(a).

3.10    Class 7 – Secured Claim of Highline.  Highline's prepetition Secured Claim shall be treated as a Secured Claim in an unliquidated amount. To the extent not already paid in full prior to the Effective Date, on the Effective Date or as soon thereafter as practicable, the Highline Claim shall remain secured by a replacement lien in the same assets or proceeds thereof, if any, in which Highline had an interest prepetition. Either the Debtor or the Committee is likely to object to this claim. Highline shall be entitled to its rights as a secured claimant. Highline is not impaired and, therefore, not entitled to vote. The Plan Proponents are informed and believe that, as a consequence of the foreclosure of the secured claim position assigned by PaymentOne described above, this claim (which is believed to be junior in priority to such claim) will be rendered unsecured under Bankruptcy Code section 506(a).

3.11    Class 8 – Secured Claim of Iron Mountain Information, Inc.  Iron Mountain Information, Inc. ("Iron Mountain") alleges a prepetition claim in the amount of $1,983.68 which is allegedly secured by 4,211 boxes of personal property and other items in storage. Either the Debtor or the Committee is likely to object to this claim. To the extent that the Claim of Iron Mountain

Information is a Secured Claim, Iron Mountain Information shall be entitled to its rights as a secured claimant. Iron Mountain Information is not impaired and, therefore, not entitled to vote. To the extent that Iron Mountain Information is not entitled to a Secured Claim any Deficiency Claim of Iron Mountain shall be a Claim in Class 15 and, notwithstanding the immediately prior sentence, Iron Mountain Information shall be entitled to vote such Deficiency Claim as a Class 15 Claim. The Plan Proponents are informed and believe that, as a consequence of the foreclosure of the secured claim position assigned by PaymentOne described above, this claim (which is believed to be junior in priority to such claim) will be rendered unsecured under Bankruptcy Code section 506(a).

3.12 <u>Class 9 – Secured Claim of POL</u>. POL's liquidated claims set forth in the POL Agreement have been paid, other than its claim with regard to the New York Tax Matter, and it also has an unliquidated claim arising from the Tennessee Tax Matter (the "Remaining Claims"). POL's Remaining Claims are impaired, and shall be Allowed Secured Claims, subject to treatment as follows: on the earlier of the Effective Date or the date which is 11 days after the entry of an order confirming the Plan in full satisfaction of the Remaining Claims, the Liquidating Trustee shall pay POL $820,800 on account of the New York Tax Matter by wire transfer; additionally, within seven days of State of Tennessee's execution of the settlement agreement in the Tennessee Tax Matter, the Liquidating Trustee shall pay to POL by wire transfer the sum of $109,664. In the event this Joint Plan is not confirmed (after modifications and amendments, if necessary) on or before October 1, 2009, POL's claims, liens and security interests shall be unaffected by the foregoing (and all of its rights shall be preserved). Further, in such event, POL shall not be deemed to have waived any rights by virtue of its support of the Joint Plan, and the Debtor or the Committee (as appropriate) will file a motion to pay POL's claims on the foregoing terms by October 5, 2009.

3.13 <u>Class 10 – Secured Claim of Southwestern Bell</u>. Southwestern Bell filed proof of claim number 92 in the amount of $70,408.21, which is allegedly secured by a right of offset. Either the Debtor or the Committee is likely to object to this claim. To the extent that the Claim of Southwestern Bell is a Secured Claim, Southwestern Bell shall be entitled to its rights as a secured claimant. Southwestern Bell is not impaired and, therefore, not entitled to vote. To the extent that Southwestern Bell is not entitled to a Secured Claim any Deficiency Claim of Southwestern Bell

shall be a Claim in Class 15 and, notwithstanding the immediately prior sentence, Southwestern Bell shall be entitled to vote such Deficiency Claim as a Class 15 Claim. The Plan Proponents are informed and believe that, as a consequence of the foreclosure of the secured claim position assigned by PaymentOne described above, this claim (which is believed to be junior in priority to such claim) will be rendered unsecured under Bankruptcy Code section 506(a).

3.14    Class 11 – Secured Claim of BellSouth Telecommunications, Inc. BellSouth Telecommuncations, Inc. filed proof of claim number 91 in the secured amount of $232,948.14 based upon an alleged right of offset. Either the Debtor or the Committee is likely to object to this claim. To the extent that the Claim of BellSouth Telecommunications, Inc. is a Secured Claim, BellSouth Telecommunications, Inc. shall be entitled to its rights as a secured claimant. BellSouth Telecommunications, Inc. is not impaired and, therefore, not entitled to vote. To the extent that BellSouth Telecommunications, Inc. is not entitled to a Secured Claim, any Deficiency Claim of BellSouth Telecommunications, Inc. shall be a Claim in Class 15 and, notwithstanding the immediately prior sentence, BellSouth Telecommunications, Inc. shall be entitled to vote such Deficiency Claim as a Class 15 Claim. The Plan Proponents are informed and believe that, as a consequence of the foreclosure of the secured claim position assigned by PaymentOne described above, this claim (which is believed to be junior in priority to such claim) will be rendered unsecured under Bankruptcy Code section 506(a).

3.15    Class 12 – Secured Claim of Verizon. Verizon filed proof of claim number 85 in the secured amount of $191,724.95. Either the Debtor or the Committee is likely to object to this claim. To the extent that the Claim of Verizon is a Secured Claim, Verizon shall be entitled to its rights as a secured claimant. Verizon is not impaired and, therefore, not entitled to vote. To the extent that Verizon is not entitled to a Secured Claim, any Deficiency Claim of Verizon shall be a Claim in Class 15 and, notwithstanding the immediately prior sentence, Verizon be entitled to vote such Deficiency Claim as a Class 15 Claim. The Plan Proponents are informed and believe that, as a consequence of the foreclosure of the secured claim position assigned by PaymentOne described above, this claim (which is believed to be junior in priority to such claim) will be rendered unsecured under Bankruptcy Code section 506(a).

3.16　Class 13 – Secured Claim of Mytelebill. Mytelebill filed proofs of claim numbered 74, 125, and 174 in the secured amount of $383,227.62, for which the alleged collateral is unidentified. Either the Debtor or the Committee is likely to object to this claim. To the extent that the Claim of Mytelebill is a Secured Claim, Mytelebill shall be entitled to its rights as a secured claimant. Mytelebill is not impaired and, therefore, not entitled to vote. To the extent that Mytelebill is not entitled to a Secured Claim, any Deficiency Claim of Mytelebill shall be a Claim in Class 15 and, notwithstanding the immediately prior sentence, Mytelebill shall be entitled to vote such Deficiency Claim as a Class 15 Claim. The Plan Proponents are informed and believe that, as a consequence of the foreclosure of the secured claim position assigned by PaymentOne described above, this claim (which is believed to be junior in priority to such claim) will be rendered unsecured under Bankruptcy Code section 506(a).

3.17　Class 14 – Secured Claim of Bealls Communications Group. Bealls Communications Group ("Bealls") filed proof of claim number 193 in the secured amount of $213,448.48, for which the alleged collateral is unidentified. Either the Debtor or the Committee is likely to object to this claim. To the extent that the Claim of Bealls is a Secured Claim, Bealls shall be entitled to its rights as a secured claimant. Bealls is not impaired and, therefore, not entitled to vote. To the extent that Bealls is not entitled to a Secured Claim, any Deficiency Claim of Bealls shall be a Claim in Class 15 and, notwithstanding the immediately prior sentence, Bealls shall be entitled to vote such Deficiency Claim as a Class 15 Claim. The Plan Proponents are informed and believe that, as a consequence of the foreclosure of the secured claim position assigned by PaymentOne described above, this claim (which is believed to be junior in priority to such claim) will be rendered unsecured under Bankruptcy Code section 506(a).

**ARTICLE IV**

**TREATMENT OF IMPAIRED CLASSES**

4.1　Class 15 – General Unsecured Claims. Class 15 Claimants shall receive their Pro Rata share of the assets of the Liquidation Trust remaining after payment of Allowed Administrative Claims, Allowed Secured Claims, Allowed Priority Tax Claims, Allowed Fee Claims, and Allowed

Class 1 Claims based on the amount of their Allowed Claim. The holders of Claims in this Class are impaired and, therefore, entitled to vote.

4.2    Class 16 – Preferred Stockholders. On the Effective Date, the Preferred Stockholders shall receive nothing, and all Preferred Stock shall be deemed canceled, null and void and of no force and effect. Class 16 Interests are deemed to reject the Plan and therefore are not entitled to vote.

4.3    Class 17 – Class A Common Stockholders. On the Effective Date, the Class A Common Stockholders shall receive nothing, and all Class A Common Stock shall be deemed canceled, null and void and of no force and effect. Class 17 Interests are deemed to reject the Plan and therefore are not entitled to vote.

4.4    Class 18 – Class B Common Stockholders. On the Effective Date, the Class B Common Stockholders shall receive nothing, and all Class B Common Stock shall be deemed canceled, null and void and of no force and effect. Class 18 Interests are deemed to reject the Plan and therefore are not entitled to vote.

4.5    Reservation of Rights. Nothing contained herein shall be deemed to limit the right of any party-in-interest to respond to any objection to its Claims or Interests Filed in this Chapter 11 Case.

### ARTICLE V

### MEANS FOR IMPLEMENTATION OF THE PLAN

5.1    Corporate Action. On the Effective Date and automatically and without further action, (i) all of the assets of the Debtor shall be conveyed to the Liquidating Trustee to be held in trust pursuant to the terms of the Liquidating Trust Agreement; (ii) each existing member of the board of directors of the Debtor will be deemed to have resigned; (iii) Old T.B.R. shall be deemed dissolved; and (iv) the Liquidating Trustee shall be authorized and empowered to take all such actions and measures necessary to implement and administer the terms and conditions of the Plan.

5.2    Rejection of Remaining Contracts. On the Effective Date, any remaining executory contracts and unexpired leases the Debtor has shall be rejected.

Case: 07-52890    Doc# 1099    Filed: 08/28/09    Entered: 08/28/09 15:51:14    Page 24 of 41

5.3     <u>The Liquidating Trustee</u>. The Liquidating Trustee's responsibilities, duties and obligations are to holders of Class 2 through 15 Claims, and any Administrative Claims, Priority Tax Claims, and Class 1 Priority Claims which have not been finally resolved on the Effective Date.  The Liquidating Trustee shall have an independent right and standing to request relief from the Bankruptcy Court which the Liquidating Trustee believes to be in accordance with the best interests of Class 2 through 15 Claims and any Administrative Claims, Priority Tax Claims, and Class 1 Priority Claims which have not been finally resolved on the Effective Date.  The initial Liquidating Trustee shall be Kerry Krisher of GlassRatner Capital Advisory Services.  All successor Liquidating Trustees shall be appointed in accordance with the terms of the Liquidating Trustee Agreement.  For purposes of performing her duties and fulfilling her obligations under the Plan, the Liquidating Trust Agreement, and the Confirmation Order, the Liquidating Trustee shall be deemed to be a "party in interest" within the meaning of section 1109(b) of the Bankruptcy Code and a representative of the Estate under Bankruptcy Code section 1123(b)(3) and 1129(a)(5).  The duties, obligations, and responsibilities of the Liquidating Trustee shall be to:  (a) liquidate, resolve, pay, and satisfy all Administrative Claims, Priority Tax Claims, and Class 1 Priority Claims which have not been finally resolved on the Effective Date and Class 2 through 15 Claims in accordance with the Plan, the Liquidating Trustee Agreement, and the Confirmation Order; (b) oversee the preservation, holding, management and maximization of the Estate Proceeds Account for use in paying and satisfying those Allowed Claims; (c) prosecute, settle and manage the disposition of objections to Claims; (d) take or not take those actions which the Liquidating Trustee in her business discretion believes to be in accordance with the best interests of Class 15 Claims and any Administrative Claims, Priority Tax Claims, and Class 1 Priority Claims which have not been finally resolved on the Effective Date and which actions or inactions are consistent with the Plan; and (e) perform all other duties, obligations and responsibilities of the Liquidating Trustee set forth in the Plan, the Liquidating Trust Agreement, or Confirmation Order.  Upon the satisfaction of all Allowed Administrative Claims, Priority Tax Claims, Class 1 Priority Claims, the determination of all Disputed Claims, the exhaustion of all funds held in the Estate Proceeds Account, and the completion of all duties and responsibilities provided hereunder or pursuant to the Liquidating Trust Agreement, the Liquidating Trustee shall be

THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

09485-001\DOCS_SF:66413.7                    20
DOCS_SF:67706v2
Case: 07-52890    Doc# 1099    Filed: 08/28/09    Entered: 08/28/09 15:51:14    Page 25 of 41

discharged from her position as Liquidating Trustee and from all further duties, obligations and responsibilities under the Plan.

5.4     Sources of Funds for Payment of Allowed Claims.  Net of all administrative costs and expenses of the Chapter 11 Case and all fees and costs of the Liquidating Trustee and her representatives and professionals (subject to an expense cap to be referenced in the Confirmation Order), the payment of Allowed Claims shall be from the following sources: the Proceeds of all Estate assets, including but not limited to Estate Cash (on hand on the Effective Date or received thereafter), Avoidance Actions, the ICS Royalty, Interests, LEC Receipts, Tax Refunds, rights of setoff and any other property of the Estate not otherwise disposed of on the Effective Date, including but not limited to claims against the Debtor's former directors, officers and attorneys (including Sheppard Mullin Richter & Hampton), as described generally in Section IV.D of the Disclosure Statement.

5.5     Payment of Allowed Administrative Claims, Allowed Fee Claims, Allowed Priority Tax Claims and Allowed Class 1 Claims.  Allowed Administrative Claims, Allowed Fee Claims, Allowed Priority Tax Claims and Allowed Class 1 Claims shall be paid from Cash on hand on the Effective Date.

5.6     Payment of Any Allowed Secured Claims.  To the extent that the Court determines that any of CIT, Highline, PCS, Personal Voice, Network Telephone, Iron Mountain, POL, Southwestern Bell, BellSouth Telecommunications, Inc., Verizon, Mytelebill, and/or Bealls Communications Group has an Allowed Secured Claim, the Liquidating Trustee shall pay such Claim in accordance with such Entity's rights as a secured claimant.

5.7     Distributions.  The Liquidating Trustee shall be responsible for making or directing distributions under this Plan made on the Effective Date.  After the Effective Date, the Liquidating Trustee shall be responsible for making or directing distributions under this Plan to the Allowed Secured Claims, if any, of Classes 2-14.  Additionally, the Liquidating Trustee shall be responsible for making and directing all distributions under this Plan to Class 15 Claims and any Administrative Claims, Priority Tax Claims, and Class 1 Priority Claims which have not been finally resolved on the Effective Date.  The Liquidating Trustee shall reserve funds in the Reserved Claims Pool sufficient

to pay any Administrative Claims, Priority Tax Claims, and Class 1 Priority Claims that have not been resolved by a Final Order of the Bankruptcy Court on the Effective Date until these claims have been so resolved, and upon their resolution shall use the funds in the Reserved Claims Pool to pay Allowed Claims or, to the extent such claims do not become Allowed Claims, then the Liquidating Trustee shall transfer the funds previously reserved on account of such claims to the Estate Proceeds Account.

5.8    Liquidating Trustee's Responsibility Under Plan. The Liquidating Trustee shall administer the Plan, and her duties and powers shall include the following:

(a)    To make or direct distributions to holders of Allowed Claims payable on the Effective Date and Allowed Secured Claims in Classes 2-14;

(b)    To prosecute litigate, compromise, or settle objections to Claims and/or Interests (disputed or otherwise) and Avoidance Actions;

(c)    To otherwise implement and administer the Plan;

(d)    To file with the Bankruptcy Court the reports and other documents and pay any and all fees required by the Plan or otherwise required to close the Chapter 11 Case, including the preparation and filing of a motion for a final decree;

(e)    To take or not take those actions which Liquidating Trustee in her business discretion believes to be in accordance with the best interests of Class 15 Claims and any Administrative Claims, Priority Tax Claims, and Class 1 Priority Claims which have not been finally resolved on the Effective Date and which actions inactions are consistent with the Plan;

(f)    To make decisions regarding the retention or engagement of Professionals and to pay, without court order, all reasonable fees and expenses incurred after the Effective Date;

(g)    To make or direct distributions to holders of Allowed Claims other than those Claims payable on the Effective Date and Allowed Secured Claims in Classes 2-14;

(h)    To set off amounts owed to the Debtor (including but not limited to those arising under the Debtor's "prepayment plan" instituted at the outset of the Bankruptcy Case for certain participating customers) against any and all amounts otherwise due to be distributed to the holder of an Allowed Claim under the Plan;

(i)     To take all other actions not inconsistent with the provisions of the Plan deemed necessary or desirable in connection with administering the Plan.

5.9     Notice of Material Actions by the Liquidating Trustee.   In the event of (a) compromises of pending litigation, (b) sales, transfers or abandonment of property with a value of more than $50,000, (c) claim settlements in which the amount conceded to be due and owing by the Liquidating Trustee exceeds $100,000 (d) payment of fees to the Liquidating Trustee and/or her professionals to be reported on a quarterly basis, the Liquidating Trustee shall file with the Bankruptcy Court and serve upon the Office of the United States Trustee and any other party filing a request for special notice after the Effective Date a notice of intended action describing the Liquidating Trustee's intended course of action and the justifications therefor, and providing a 15 day period from the date of such notice for the filing of an objection and request for hearing on the same.   In the absence of any objection and request for hearing, the Liquidating Trustee shall be free to take the action described in the notice without further order of the Court.  If an objection and request for hearing is filed, the Liquidating Trustee will give at least 7 days' notice of the hearing date obtained from the Bankruptcy Court.

Additionally, the Liquidating Trustee shall look to the Liquidating Trust Board (comprised of those members of the Committee willing to serve after the Effective Date) for advice and comment as more specifically set forth in the Liquidating Trust Agreement.  Specifically, the Liquidating Trustee will be required to seek the advice and comment of the Liquidating Trust Board prior to paying fees on account of services rendered to the Liquidating Trust by any professional, and for each of the matters requiring a notice of material action, as provided in this subsection of the Plan, prior to filing any such notice of material action.

5.10     Vesting.  Except as otherwise provided for in the Plan or the Confirmation Order, on the Effective Date, the Property of the Debtor's Estate will be transferred to and shall vest in the Liquidating Trust, free and clear of all Claims, Liens and Interests, and the Liquidating Trustee shall have all of the powers granted by the Liquidating Trust Agreement and applicable law.  Except as otherwise provided for in the Plan or the Confirmation Order, as of the Effective Date, the Liquidating Trustee may act, use, acquire and dispose of property without the supervision of the

Case: 07-52890     Doc# 1099     Filed: 08/28/09     Entered: 08/28/09 15:51:14     Page 28 of 41

Bankruptcy Court, free of any restrictions of the Bankruptcy Code or Bankruptcy Rules subject to the powers, duties and responsibilities provided in the Plan or the Confirmation Order. Vesting of the right to object to Claim and Interests and the Avoidance Actions shall vest in the Liquidating Trustee. Except as otherwise provided for in the Plan or the Confirmation Order, as of the Effective Date, the Liquidating Trustee may perform her duties and obligations without the supervision of the Bankruptcy Court, free of any restrictions of the Bankruptcy Code or Bankruptcy Rules. All other claims or rights that may have previously existed against the Debtor shall be discharged and shall be the subject of the Discharge Injunction.

## ARTICLE VI

## DISTRIBUTIONS UNDER THE PLAN

6.1     <u>Distributions for Claims Allowed as of the Effective Date</u>.  Except as otherwise provided herein or as ordered by the Bankruptcy Court, distributions to be made on account of Claims that are Allowed Claims as of the Effective Date shall be made on the Effective Date or as soon thereafter as is practicable.  Any distribution to be made on the Effective Date pursuant to this Plan shall be deemed as having been made on the Effective Date if such distribution is made on the Effective Date or as soon thereafter as is practicable.  The Liquidating Trustee shall make distributions to Allowed Class 15 Claims from the Estate Proceeds Account on a quarterly basis, or less frequently as the Liquidating Trustee determines is reasonable under the circumstances.  Any payment or distribution required to be made under the Plan on a day other than a Business Day shall be made on the next succeeding Business Day.

6.2     <u>Disputed Claims</u>.  The Liquidating Trustee shall hold, in the Estate Proceeds Account, Cash in an amount sufficient to provide holders of Disputed Class 15 Claims their Pro Rata share of the Estate Proceeds Account as if the Disputed Claims were allowed in full.  With respect to such Disputed Claims, if, when, and to the extent any such Disputed Claim becomes an Allowed Claim by Final Order, the relevant portion of the Cash held therefor shall be distributed by the Liquidating Trustee, as applicable, to the Claimant in a manner consistent with distributions to similarly situated Allowed Claims.  From time to time as additional monies accumulate in the Estate Proceeds Account as a result of the disallowance of Class 15 Claims or otherwise, the Liquidating

Trustee shall make a subsequent distribution to claimants in Class 15 of such claimants' Pro Rata share of the Estate Proceeds Account. No payments or distributions shall be made with respect to a Claim that is a Disputed Claim pending the resolution of the dispute by Final Order. No payments or distributions shall be made with respect to post-Petition Date interest accruing on any Claim. No payments or distributions shall be made with respect to Allowed Claims in an amount in excess of such Allowed Claims.

6.3     <u>Claims Objection Deadline</u>. Except as otherwise provided herein, objections to Claims shall be filed and served upon each affected Creditor no later than ninety (90) days after the Effective Date, provided however, that this deadline may be extended by the Bankruptcy Court upon motion of the Liquidating Trustee, with or without notice or hearing. Notwithstanding the foregoing, unless an order of the Bankruptcy Court specifically provides for a later date, any proof of, or other assertion of a Claim filed after the Confirmation Date shall be automatically disallowed as a late filed Claim, without any action by the Liquidating Trustee, unless and until the party filing such Claim obtains the written consent of the Liquidating Trustee, or obtains an order of the Bankruptcy Court upon notice to the Liquidating Trustee that permits the late filing of the Claim, and the holder of such disallowed Claim shall be forever barred from asserting such Claim against the Debtor, the Estate or Property, and the Liquidating Trust or its property. In the event any proof of Claim is permitted to be filed after the Confirmation Date pursuant to an order of the Bankruptcy Court, the Liquidating Trustee, shall have ninety (90) days from the filing of such proof of claim or order to object to such Claim, which deadline may be extended by the Bankruptcy Court upon motion of the Liquidating Trustee with or without notice or a hearing.

6.4     <u>Settlement of Disputed Claims</u>. Objections to Claims may be litigated to judgment or withdrawn, and may be settled with the approval of the Bankruptcy Court, except to the extent such approval is not necessary as provided in this section. After the Effective Date, and subject to the terms of this Plan, the Liquidating Trustee may settle any Disputed Claim where the result of the settlement or compromise is an Allowed Claim in an amount not in excess of $100,000 without providing any notice or obtaining an order from the Bankruptcy Court. All proposed settlements of

Disputed Claims where the amount to be settled or compromised exceeds $100,000 shall be subject to notice as described in Section 5.9, above.

6.5    Unclaimed Property.  If any distribution remains unclaimed for a period of ninety (90) days after it has been delivered (or attempted to be delivered) in accordance with the Plan to the holder of an Allowed Claim or Interest entitled thereto, such unclaimed property shall be forfeited by such holder, whereupon all right, title and interest in and to the unclaimed property shall be held by the Liquidating Trustee, to be distributed Pro Rata to holders of Allowed Claims in such Class in accordance with this Plan, or if all Allowed Claims in such Class have been satisfied or reserved for in accordance with the Plan except Class 9 Claims, then such unclaimed property shall be distributed to the Estate Proceeds Account, and if all Allowed Claims in Class 15 have been satisfied or reserved for in accordance with the Plan, then such unclaimed property shall be retained by the Liquidating Trust.

6.6    Release of Liens.  Except as otherwise provided in the Plan or in any contract, instrument or other agreement or document created in connection with the Plan, on the Effective Date, all mortgages, deeds of trust, Liens or other security Interests against the Property of the Debtor's estate shall be released, and all the right, title and Interest of any holder of such mortgages, deeds of trust, Liens or other security Interests shall revert to the Liquidating Trust and its successors and assigns.

6.7    Rights of Actions.  On the Effective Date, the Liquidating Trust shall be vested with the right to pursue the Avoidance Actions and any other action that the Debtor may assert against a third party as of the Effective Date (incouding rights of setoff or recoupment), with the exception of all claims released pursuant to the Plan and Confirmation Order.  The Liquidating Trustee may pursue, settle or release all such actions in accordance with the best interest of and for the benefit of the holders of Class 15 Claims, and may do so by affirmative action, claim objection, or counterclaim, as she sees fit.

6.8    Allocation of Plan Distributions Between Principal and Interest.  To the extent that any Allowed Claim entitled to a distribution under the Plan consists of indebtedness and other amounts (such as accrued but unpaid interest thereon), such distribution shall be allocated first to the

principal amount of the Claim (as determined for federal income tax purposes) and then, to the extent the consideration exceeds the principal amount of the Claim, to such other amounts.

6.9 <u>Withholding Taxes</u>. Any federal, state, or local withholding taxes or other amounts required to be withheld under applicable law shall be deducted from distributions hereunder. All Persons holding Claims shall be required to provide any information necessary to effect the withholding of such taxes.

6.10 <u>Fractional Cents</u>. Any other provision of this Plan to the contrary notwithstanding, no payment of fractions of cents will be made. Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding down of such fraction to the nearest whole cent.

6.11 <u>Payments of Less than Ten Dollars</u>. If a cash payment otherwise provided for by this Plan with respect to an Allowed Claim would be less than ten dollars ($10.00) (whether in the aggregate or on any payment date provided in this Plan), notwithstanding any contrary provision of this Plan, the Liquidating Trustee shall not be required to make such payment, and such excess fractional dollars shall remain in the Estate Proceeds Account pending the next distribution made on account of such Allowed Claim. If all Allowed Claims in Class 15 have been satisfied or reserved for in accordance with the Plan, then such excess fractional dollars shall be retained by the Liquidating Trust.

## ARTICLE VII

## <u>UNEXPIRED LEASES AND EXECUTORY CONTRACTS</u>

7.1 <u>Treatment of All Agreements</u>. Any and all pre-petition leases or executory contracts included on Debtor's Schedule G, as such Schedule G may be amended up to and including the Confirmation Date, not previously rejected by the Debtor, unless specifically assumed pursuant to orders of the Bankruptcy Court prior to the Confirmation Date or the subject of a motion to assume pending on the Confirmation Date, shall be deemed rejected by the Debtor effective as of the Confirmation Date, but subject to the occurrence of the Effective Date. Any and all pre-petition leases and executory contracts not included on Debtor's Schedule G, as such schedule exists on the

Confirmation Date, not previously assumed by the Debtor shall be deemed rejected by the Debtor effective as of the Confirmation Date, but subject to the occurrence of the Effective Date.

7.2    Claims for Damages.  All proofs of claim with respect to Claims arising from the rejection of executory contracts or leases made pursuant to this Plan shall, unless another order of the Bankruptcy Court provides for an earlier date, be filed with the Bankruptcy Court within thirty (30) days after the mailing of notice of entry of the Confirmation Order.  All proofs of Claim with respect to Claims arising from the rejection of executory contracts shall be treated as Class 15 General Unsecured Claims, for purposes of a distribution pursuant to the Plan, unless and until the Person or Entity asserting such Claim obtains an order of the Bankruptcy Court upon notice to the Liquidating Trustee that allows the Claims in another Class under the Plan.  Unless otherwise permitted by Final Order, any proof of claim that is not filed before the earlier of the Bar Date or the Confirmation Hearing (other than those Claims arising from the rejection of executory contracts or leases which may be filed within thirty (30) days after mailing of the notice of entry of Confirmation Order as set forth above) shall automatically be disallowed as a late filed Claim, without any action by the Liquidating Trustee, and the holder of such Claim shall be forever barred from asserting such Claim against the Debtor, the Estate, or the Liquidating Trustee or property of the Liquidating Trustee.

**ARTICLE VIII**

**EFFECT OF CONFIRMATION OF THE PLAN**

8.1    Neither the Liquidating Trustee, nor her representatives, shall have any responsibility to any Creditors or Interest holders of the Debtor other than to make the distributions expressly provided for under the Plan and otherwise discharge the responsibilities described in Section 5.8 of the Plan or the Confirmation Order.

8.2    Pursuant to Bankruptcy Code section 524, the discharge (i) voids any judgment at any time obtained to the extent that such judgment is the determination of the personal liability of the Debtor with respect to any debt discharged under Bankruptcy Code section 1141, whether or not discharge of such debt is waived, and (ii) operates as an injunction against the commencement or continuation of any action, employment of process, or any act to collect, recover or offset any such

Case: 07-52890    Doc# 1099    Filed: 08/28/09    Entered: 08/28/09 15:51:14    Page 33 of 41

debt as a personal liability of the Debtor, whether or not discharge of such debt is waived, as well as against the commencement or continuation of any action, including regulatory action, employment of process, or any act to collect, recover, offset, pursue enforcement of, or impose liability upon the Debtor for pre-Confirmation Date activities, and all Entities shall be precluded from asserting against the Liquidating Trust, its successors or their assets or properties any other future claims or interests based upon any act or omission, transaction or other activity of any kind of nature that occurred before the Confirmation Date.

8.3     Except as otherwise provided in the Plan or the Confirmation Order and in addition to the injunction provided under Bankruptcy Code sections 524(a) and 1141, on and after the Confirmation Date, all Entities who had held, currently hold or may hold a debt, Claim, Interest and/or other rights or causes of action in or against the Debtor, including without limitation regulatory actions, are permanently enjoined and/or temporarily (as set forth in the Plan) from taking any of the following actions on account of any such debt, Claim, Interest, and/or other right or cause of action to the extent such actions do not comply with or are inconsistent with the provisions of controlling law, the Plan or the Confirmation Order:  (1) commencing or continuing in any manner any action or other proceeding against the Debtor, the Liquidating Trustee as the successor to the Debtor under the Plan, their successors, or their respective properties; (2) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtor, the Liquidating Trustee as the successor to the Debtor under the Plain, their successors, or their respective property; (3) creating, perfecting, or enforcing any lien or encumbrance against the Debtor, the Liquidating Trustee as the successor to the Debtor under the Plan, their successors, or their respective property; and (4) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due the Debtor, the Liquidating Trustee, their successors, or their respective property.  Any person or entity injured by any willful violation of such injunction may recover actual damages, including costs and attorneys' fees and, in appropriate circumstances, may recover punitive damages from the willful violator.  Such injunction shall not bar an entity from seeking to enforce the terms of the Plan in the Bankruptcy Court.

THIRD AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION

09485-001\DOCS_SF:66413.7
DOCS_SF:67068.2
29

Case 07-52890     Doc# 1099     Filed: 08/28/09     Entered: 08/28/09 15:51:14     Page 34
of 41

8.4    The provisions of the Plan, once confirmed, shall be binding upon each Entity whether or not the Entity is impaired under the Plan, and whether or not such Entity has accepted the Plan.

8.5    On the Effective Date, the property of the Estate, including causes of action, the right to object to Claims, and the Avoidance Actions shall vest in the Liquidating Trust, and the Liquidating Trustee shall be authorized to operate and dispose of property of the Liquidating Trust.

8.6    As of the Confirmation Date, the property and assets of the Debtor dealt with under the Plan shall be free and clear from any and all Claims, including, without limitation, all Liens, Interests and lis pendens, except as specifically provided otherwise in the Plan or the Confirmation Order.  The terms of the Plan shall supersede the terms of all prior orders entered by the Bankruptcy Court in the Chapter 11 Case and the terms of all prior stipulations and other agreements entered into by the Debtor with other parties-in-interest, except as specifically recognized in the Plan or the Confirmation Order.

8.7    The Committee formed in this Chapter 11 Case shall be dissolved on the Effective Date.  Any member of the Committee wishing to serve upon the Liquidating Trust Board to be created hereunder shall be eligible for such service.

8.8    Failure to make any payment required to be made under the Plan by the Liquidating Trustee, including but not limited to any regular amortized payments of principal and interest, or any payments due upon maturity, shall be considered a default under the Plan.  If any default is not cured within 30 days after service of written notice of such default to the Liquidating Trustee, and the U.S. Trustee, any affected Creditor or any affected party in interest asserting such default may seek appropriate relief to enforce its rights under the Plan.

8.9    On the Effective Date, all property of the estate shall vest in the Liquidating Trust, provided that the vesting of such property shall be without prejudice and shall not act as a bar to a post-Effective Date motion to convert this case to one under chapter 7 of title 11 of the United States Code by the United States Trustee or any other party in interest on appropriate grounds, and upon the granting of such motion the Plan shall terminate and the chapter 7 estate shall consist of all remaining property of the Liquidating Trust not already administered.  Such remaining property shall

be administered by the chapter 7 trustee as prescribed in chapter 7 of the Bankruptcy Code. The Liquidating Trustee shall have the right to oppose any such motion.

## ARTICLE IX

### RETENTION OF JURISDICTION

Following the Confirmation Date and until such time as all payments and distributions required to be made and all other obligations required to be performed under this Plan have been made and performed by the Debtor, or the Liquidating Trustee, as the case may be, the Bankruptcy Court shall retain jurisdiction as is legally permissible, including, without limitation, for the following purposes:

9.1 Claims. To determine the allowance, extent, classification, or priority of Claims against the Debtor upon objection prior to the Effective Date after the Effective Date;

9.2 Injunction, etc. To issue injunctions or take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan or its execution or implementation by any Person, to construe and to take any other action to enforce and execute the Plan, the Confirmation Order, or any other order of the Bankruptcy Court, to issue such orders as may be necessary for the implementation, execution, performance and consummation of the Plan and all matters referred to herein, and to determine all matters that may be pending before the Bankruptcy Court in the Chapter 11 Case on or before the Effective Date with respect to any Person or Entity;

9.3 Professional Fees. To determine any and all applications for allowance of compensation and expense reimbursement of Professionals for periods before the Effective Date, and objections thereto, as provided for in the Plan;

9.4 Certain Priority Claims. To determine the allowance, extent and classification of any Priority Tax Claims, Other Priority Claims, Administrative Claims or any request for payment of an Administrative Claim;

9.5 Dispute Resolution. To resolve any dispute arising under or related to the implementation, execution, consummation or interpretation of the Plan and/or Confirmation Order and the making of distributions hereunder and thereunder;

9.6     Executory Contracts and Unexpired Leases.  To determine any and all motions for the rejection, assumption, or assignment of executory contracts or unexpired leases, and to determine the allowance and extent of any Claims resulting from the rejection of executory contracts and unexpired leases;

9.7     Actions.  To determine all applications, motions, adversary proceedings, contested matters, estimation proceedings for limited or all purposes, actions, and any other litigated matters instituted in the Chapter 11 Case by or on behalf of the Debtor or the Liquidating Trustee, including, but not limited to, Avoidance Actions or any claims between two or more non-debtor parties related thereto, and any remands;

9.8     General Matters.  To determine such other matters, and for such other purposes, as may be provided in the Confirmation Order or as may be authorized under provisions of the Bankruptcy Code or other applicable law;

9.9     Plan Modification.  To modify the Plan under section 1127 of the Bankruptcy Code, remedy any defect, cure any omission, or reconcile any inconsistency in the Plan or the Confirmation Order so as to carry out its intent and purposes;

9.10    Aid Consummation.  To issue such orders in aid of consummation of the Plan and the Confirmation Order notwithstanding any otherwise applicable non bankruptcy law, with respect to any Person or Entity, to the full extent authorized by the Bankruptcy Code;

9.11    Protect Property.  To protect the Property of the Debtor and the Liquidating Trust from adverse Claims or Liens or interference inconsistent with this Plan, including to hear actions to quiet or otherwise clear title to such property based upon the terms and provisions of this Plan or to determine a purchaser's exclusive ownership of claims and causes of actions retained under this Plan;

9.12    Abandonment of Property.  To hear and determine matters pertaining to abandonment of Property of the Estate;

9.13    Implementation of Confirmation Order.  To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated; and

9.14    Final Decree/Order.  To enter a Final Order closing the Chapter 11 Case.

## ARTICLE X

## MISCELLANEOUS PROVISIONS

10.1    Pre-Confirmation Modification.  On notice to and opportunity to be heard by the United States Trustee, the Plan may be altered, amended or modified by the Debtor before the Confirmation Date as provided in section 1127 of the Bankruptcy Code.

10.2    Post-Confirmation Immaterial Modification.  With the approval of the Bankruptcy Court and on notice to and an opportunity to be heard by the United States Trustee and without notice to holders of Claims and Interests, the Liquidating Trustee may, insofar as it does not materially and adversely affect the interest of holders of Claims, correct any defect, omission or inconsistency in the Plan in such manner and to such extent as may be necessary to expedite consummation of this Plan.

10.3    Post-Confirmation Material Modification.  On notice to and an opportunity to be heard by the United States Trustee, the Plan may be altered or amended after the Confirmation Date by the Liquidating trustee in a manner which, in the opinion of the Bankruptcy Court, materially and adversely affects holders of Claims, provided that such alteration or modification is made after a hearing and otherwise meets the requirements of section 1127 of the Bankruptcy Code.

10.4    Withdrawal or Revocation of the Plan.  The Proponents reserve the right to revoke or withdraw the Plan prior to the Confirmation Date.  If the Proponents revoke or withdraw the Plan, then the Plan shall be deemed null and void.

10.5    Payment of Statutory Fees.  All fees payable pursuant to section 1930 of Title 28 of the United States Code with respect to periods after the Effective Date shall be paid by the Liquidating Trustee when otherwise due.

10.6    Successors and Assigns.  The rights, benefits and obligations of any Person or Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, the heirs, executors, administrators, successors and/or assigns of such Person or Entities.

10.7 <u>Cramdown</u>. To the extent any Impaired Class of Claims or Interests entitled to vote on the Plan votes to reject the Plan, the Proponents reserve the right to request confirmation of the Plan under section 1129(b) of the Bankruptcy Code with respect to such Class(es).

10.8 <u>Governing Law</u>. Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under this Plan shall be governed by and construed and enforced in accordance with the laws of the State of California.

10.9 <u>Notices</u>. Any notice required or permitted to be provided under the Plan shall be in writing and served by either (a) certified mail, return receipt requested, postage prepaid, (b) hand delivery or (c) reputable overnight courier service, freight prepaid, to be addressed as follows:

If to the Liquidating Trustee:
Kerry Krisher
GlassRatner
18500 Von Karman, Suite 390
Irvine, CA 92612
Phone: (949) 429-4252
Fax: (949) 743-0333

with a copy to:
John D. Fiero, Esq.
Pachulski Stang Ziehl & Jones LLP
150 California Street, Suite 1500
San Francisco, CA 94111
Phone: (415) 263 7000
Fax: (415) 263 7010

10.10 <u>Saturday, Sunday or Legal Holiday</u>. If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

10.11 <u>Section 1145 Exemption</u>. Pursuant to Bankruptcy Code section 1145, any State or local requiring registration for offer or sale of a security do not apply to the offer or sale under the Plan.

10.12 <u>Section 1146 Exemption</u>. Pursuant to Bankruptcy Code section 1146 the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under the

Plan may not be taxed under any law imposing a stamp tax or similar tax or any tax held to be a stamp tax or other similar tax by applicable law.

10.13   <u>Severability</u>.  If any term or provision of the Plan is held by the Bankruptcy Court prior to or at the time of Confirmation to be invalid, void or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as so altered or interpreted.  In the event of any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan may, at the Proponents' option remain in full force and effect and not be deemed affected.  However, the Proponents reserve the right not to proceed to Confirmation or consummation of the Plan if any such ruling occurs.  The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

10.14   <u>Headings</u>.  The headings used in this Plan are inserted for convenience only and neither constitutes a portion of the Plan nor in any manner affect the provisions of the Plan.

10.15   <u>Quarterly Reports to the Office of the United States Trustee</u>.  The Liquidating Trustee shall file (and serve upon the United States Trustee and any party requesting special notice after the Effective Date) quarterly operating reports in the format prescribed by the United States Trustee.

**ARTICLE XI**

**<u>CONFIRMATION REQUEST</u>**

The Proponents hereby request confirmation of the Plan pursuant to sections 1129(a) and (b) of the Bankruptcy Code.

Dated:    August 24, 2009            PACHULSKI STANG ZIEHL & JONES LLP

                                     By    _/s/ John D. Fiero_
                                           John D. Fiero

                                           Attorneys for The Official Committee of
                                           Unsecured Creditors

Dated:    August 24, 2009            SHEPPARD, MULLIN, RICHTER & HAMPTON
                                     LLP

                                     By    _/s/ Michael H. Ahrens_
                                           Michael H. Ahrens

                                           Attorneys for Debtor and Debtor-in-
                                           Possession
                                           Old T.B.R., Incorporated, f/k/a The Billing
                                           Resource, dba Integretel

09485-001\DOCS_SF:66413.7                                36
DOCS_SF:9706?2

THIRD AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION

Case 07-52890    Doc# 1099    Filed: 08/28/09    Entered: 08/28/09 15:51:14    Page 41
of 41