John D. Fiero (CA Bar No. 136557)
Gail S. Greenwood (CA Bar No. 169939)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
Email:   jfiero@pszjlaw.com
         ggreenwood@pszjlaw.com

Attorneys for Kerry Krisher, Liquidating Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>OLD T.B.R., INCORPORATED, f/k/a THE BILLING RESOURCE, dba INTEGRETEL,<br><br>Debtor. | Case No.: 07-52890 ASW<br><br>Chapter 11<br><br>**OBJECTION TO APPLICATION OF IRON MOUNTAIN INFORMATION MANAGEMENT, INC. FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM**<br><br>[Pursuant to B.L.R. 9014-1, no hearing unless objection filed or hearing requested] |

**TO THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND IRON MOUNTAIN INFORMATION MANAGEMENT, INC.:**

Pursuant to sections 502 and 503 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 3003 and 3007, Kerry Krisher as the Liquidating Trustee under the Third Amended Joint Chapter 11 Plan of Reorganization (the "Liquidating Trustee") for Old T.B.R., Incorporated, f/ka The Billing Resource, dba Integretel hereby objects (the "Objection") to the application of Iron Mountain Information Management, Inc. ("Iron Mountain") for allowance of an administrative expense claim in the amount of $14,126.95 (the "Administrative Claim"). As more particularly set forth below, the Liquidating Trustee objects to the Administrative Claim on the grounds that Iron Mountain is not entitled to priority treatment with respect to $3,430.02 under section 503(b)(1) of the Bankruptcy Code because the storage expenses were

incurred post-confirmation and were therefore not incurred by the bankruptcy estate.

The Objection is based on the facts stated herein and any other evidence properly before the Court prior to, or at, any hearing on the Objection.

## I.

## FACTS

1. On September 16, 2007 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. Pursuant to the terms of the Third Amended Joint Chapter 11 Plan of Reorganization ("Plan"), the Liquidating Trustee succeeded to all relevant right, title, and authority to resolve claims belonging to the estate, including the Claim described herein.

3. The Effective Date of the Plan, as defined therein, was September 15, 2009. The bar date for filing administrative claims was October 5, 2009. *See Notice of Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Reorganization and of Post-Confirmation Deadlines* [Docket No. 1127].

4. On October 5, 2009, Iron Mountain, through its counsel, filed an *Application For Allowance of Administrative Expense Claim,* seeking $14,126.95 for alleged post-petition storage charges. [Docket No. 1160]. A true and correct copy of Iron Mountain's Administrative Claim (with invoices dated August 31, 2009 and September 30, 2009) is attached as <u>Exhibit A</u>.

5. The Administrative Claim reflects that Iron Mountain billed the estate at the end of each month for document management services to be performed in the following month. Iron Mountain's invoices dated August 31, 2009 pertain to services for the month of September 2009; and its invoices dated September 30, 2009 pertain to services for the month of October 2009.

## II.

## RELIEF REQUESTED

By this Objection, the Liquidating Trustee submits that $3,430.02 of the Administrative Claim was incurred post-petition, after the September 15, 2009 Effective Date of the Plan, and should therefore be disallowed pursuant to Bankruptcy Code section 503(b)(1). Only $10,696.93 of the Administrative Claim is entitled to priority under the Bankruptcy Code.

# III.

# LEGAL ARGUMENT

### A. The Claimant Bears the Burden of Proof.

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self contradictory, the proof of claim constitutes *prima facie* evidence of the validity and amount of the claim. Bankruptcy Code §502(a); Fed. R. Bankr. P. 3001(f). However, a claim should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law. Bankruptcy Code §502(b)(1). Moreover, a claimant must attach copies of writings upon which claims are based in order to carry its burden of establishing a *prima facie* case against the debtor. *In re King Investments Inc.*, 219 B.R. 848, 858 (BAP 9th Cir. 1998). Further, if an objection is made to the proof of claim, the claimant has the ultimate burden of persuasion as to the validity and amount of the claim. *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991); *see also, In re Pugh,* 157 B.R. 898, 901 (BAP 9th Cir. 1993); *In re Fidelity Mortgage Holding Company, Ltd.,* 837 F.2d 696, 698 (5th Cir. 1988) (affirming disallowance of claim -- "[T]he claimant must ... 'prove the validity of the claim by a preponderance of the evidence.' The ultimate burden of proof always rests upon the claimant.").

On its face, the Administrative Claim at issue demonstrates that forty-five (45) days of storage charges were incurred post-petition and do not constitute proper administrative expenses. For reasons discussed below, $3,430.20 should be disallowed.

### B. Pursuant to Section 503(b)(1), Administrative Expenses Must Be Incurred By the "Estate."

Section 503 of the Bankruptcy Code governs allowance of administrative expenses. Section 503(b)(1) provides in relevant part:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including -
>
> (1)(A) **the actual, necessary costs and expenses of preserving the estate**, including -- …

Bankr. Code §503(b)(1) (emphasis added). Administrative expenses must be "incurred by the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

estate" under the plain language of the statute. *In re Pacific-Atlantic Trading Co.,* 64 F. 3d 1292, 1298 (9th Cir. 1995) (addressing administrative tax claims). *See generally,* March, Ahart & Tchaikovsky, CAL. PRACTICE GUIDE: BANKRUPTCY (Rutter Group 2007) §17:571 ("Because there is usually no 'estate' after plan confirmation, taxes incurred from that point forward are not incurred y the estate and hence generally are not entitled to priority as an administrative expense."). *See In re Criss,* 85 B.R. 459, 460 (Bankr. N.D. Ohio 1988) (no estate to be preserved post-confirmation such that post-confirmation utility expenses disallowed). *See also In re Fullmer,* 962 F. 2d 1463, 1467 (10th Cir. 1992) (taxes incurred post-confirmation were liability of chapter 11 debtor, not administrative expenses of the estate; abrogated on other grounds).

In this case, the estate ceased to exist on September 15, 2009. All charges incurred by Iron Mountain for document storage were of no benefit to the estate and were not incurred by the estate. The Liquidating Trustee requests that the Court disallow $3,430.20 as not constituting a proper administrative expense. Such expenses, if any, fall within the category of general unsecured damages related to rejection of an executory contract.

### C. Reservation of Rights.

The Liquidating Trustee reserves the right to amend, modify or supplement this Objection and to file additional objections to the Claim referred to herein, or to any other claims or proofs of claim (filed or not) which may be asserted by Iron Mountain against the estate. Should the grounds of objection specified herein be overruled or withdrawn, wholly or in part, the Liquidating Trustee reserves the right to object to the Claim on any other grounds which the Liquidating Trustee may discover or deem appropriate at any time during the pendency of this case. Moreover, the Liquidating Trustee expressly reserves the right to file an action to enforce any rights, remedies or other claims against Iron Mountain regarding the Claim referred to herein or any other claims (filed or not) which may be asserted by or against the bankruptcy estate.

## IV.

## CONCLUSION

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter an Order:

1. Sustaining the Objection in its entirety;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

2. Disallowing $3,430.20 of Iron Mountain's Administrative Claim as improper, and otherwise allowing $10,696.93 as an administrative expense pursuant to Bankruptcy Code section 503(b)(1); and

3. Granting such other relief as is just and proper.

Dated: November 4, 2009          PACHULSKI STANG ZIEHL & JONES LLP

                                 By  /s/ *Gail S. Greenwood*
                                     Gail S. Greenwood
                                     Attorneys for Kerry Krisher,
                                     Liquidating Trustee