UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

In Re:

OLD T.B.R., INCORPORATED, f/k/a THE
BILLING RESOURCE, dba INTEGRETEL,

Debtor.

Case No.: 07-52890 ASW

Chapter 11

## OPPOSITION AND REQUEST FOR HEARING OF COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF REVENUE TO OMNIBUS OBJECTION TO PRIORITY AND ADMINISTRATIVE TAX CLAIMANTS

**AND NOW** comes the Commonwealth of Pennsylvania, Pennsylvania Department of Revenue (hereafter "PA Revenue") by its undersigned attorney, and files this Response to Objection to Claim and Request for Hearing of which the following is a statement:

1. The Certificate of Service applicable to this Objection indicates service only upon the Pennsylvania Department of Revenue. Federal Rule of Bankruptcy Procedure 7004(a)(6) requires that service of an adversary or an objection as to the Pennsylvania Department of Revenue be made in the manner required by State law for service in a case of general jurisdiction. Under Pennsylvania law, that case requires that the objection or adversary be served on both the defendant agency, at the office the Pennsylvania Department of Revenue, and the office of the Attorney General of Pennsylvania. *See*, Pa. R.C.P. No. 422(a). The office of the Attorney General of Pennsylvania is located at Strawberry Square, Harrisburg, PA 15120. Service is defective.

2. PA Revenue has filed a claim for Sales Tax for the periods July of 2000, October of 2001, September of 2003, June of 2007, July of 2007, August of 2007, and September of 2007. With the exception of June of 2007, and the partial part of the month of September 2007 just prior to the filing of this Chapter 11, all of the claim are based upon returns filed by the Debtor. There is no evidence of any payment for the claimed periods according to the Records of PA Revenue.

3. Under Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of both the validity and amount of the claim. According to the courts that have considered this Rule, a party objection to the claim must produce evidence to rebut the claim or the claim will prevail; the mere denial of the validity or amount is not sufficient to sustain an objection to a claim. *In Re: Nejedio,* 324 Bankr. 697, 699 (Bankr.E.D. Wisc. 2005).

4. PA Revenue's Claim has prima facie validity, and the Objection contains no evidence of documentation to prove payment of the tax for the reported periods. *In Re: Spoohn,* 61 Bankr. 264 (Bankr.W.D., Wisc. 1986), In re: Circle J. Dairy, Inc., 112 Bankr. 297 (Bankr. W.D. Ark., 1989). The Debtor is required to prove the lack of validity of the supporting figures used to calculate the tax due to PA Revenue, especially upon the tax returns as filed by the Debtor. See Bankruptcy Rule 3001(f) and *Raleigh v. Illinois Department of Revenue,* 530 U.S. 15, 120 S. Ct, 1951; 147 L.Ed.2d 13 (2000).

5. The only basis for the Objection noted is "Books and Records, 507(a)(8)(G)." If the reported taxes were paid, as indicated by the affidavit of the Trustee, then actual proof of such payment should be extant. No such evidence has been provided to PA

Revenue. The factual issue of payment of the tax as reported is at issue. The penalties claimed are properly claimed in the Proof of Claim as unsecured, non-priority claims.

**WHEREFORE**, the Commonwealth of Pennsylvania, Department of Revenue respectfully requests that the objection as to its claim be denied as invalid on its face, or in the alternative, that a full factual hearing on issues raised by the objection and the proof of claim be allowed.

Respectfully submitted,

THOMAS J. CORBETT, JR.
ATTORNEY GENERAL

By: _____
T. Lawrence Palmer
Senior Deputy Attorney General
Office of Attorney General
Manor Complex
564 Forbes Avenue
Pittsburgh PA 15219
(412) 565 2576
lpalmer@attorneygeneral.gov

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

In Re:

OLD T.B.R., INCORPORATED, f/k/a THE
BILLING RESOURCE, dba INTEGRETEL,

Case No.: 07-52890 ASW

Chapter 11

Debtor.

Certificate of Filing and Service

The undersigned certifies that on November 24, 2009, the Original of the Commonwealth of Pennsylvania's Opposition and Request for Hearing as to Liquidating Trustee's Second Omnibus Objection to priority and administrative tax claimants was filed with the Court by first class mail at : 280 South First Street, Room 3035, San Jose, CA 95113-3099, and was served on the following: Counsel for Liquidating Trustee electronically and by Mail:

> John D. Fiero
> Maxim B. Litvaqk
> Gail S. Greenwood
> Puchulski Stant Ziehl & Jones LLP
> 150 California Street, 15th Floor
> San Francisco, CA 94111-4500
> jfiero@pszjlaw.com
> ggreenwood@pszjlaw.com

Dated November 24, 2009

By: /s/ T. Lawrence Palmer
T. Lawrence Palmer
Senior Deputy Attorney General
Office of Attorney General
Manor Complex
564 Forbes Avenue
Pittsburgh PA 15219
(412) 565 2576
lpalmer@attorneygeneral.gov